## SIDNEY A. FISHER *vs.* CITY OF BOSTON.

A city is not liable for a personal injury resulting from the negligence of officers and mem- bers of its fire department in performing their duties, although the department was estab- lished and is regulated under a special statute which by its terms required acceptance by the city council before it took effect.

TORT for injuries resulting to the plaintiff from the bursting of the hose attached to a fire-engine at a fire in Boston on September 8, 1868.

The declaration was as follows: " And the plaintiff says the city of Boston was authorized by the legislature of this Com-

monwealth, first by the St. of 1825, c. 52, and subsequently by the St. of 1850, c. 262, to establish and maintain in said city a fire department for said city; and on or about June 4, 1850 said city adopted said last named act, and voluntarily established, and ever afterwards, and during the month of September 1868, voluntarily maintained a fire department for said city, under and by virtue of said authority, and appointed officers and members of said fire department, and made rules and regulations for the organization and management of said fire department, and provided engines and hose and other apparatus for the use of said fire department. And the plaintiff further says, that on or about noon of September 8, 1868, a fire broke out in a certain store numbered 11 on Federal Street in said Boston; and that certain officers and members of said fire department were present at said fire, and then and there used certain of said engines and hose and other apparatus, the property of said city, and were then and there the agents and servants of said city, in the exercise of their official duty in behalf of said city. And the plaintiff further says, that at the time of said fire the plaintiff was a member of the firm of Sidney Fisher & Company, and, as a member of said firm, personally used and occupied a store on said Federal Street, numbered 46 and 48 on said street, near the place where said fire occurred; and that, at the time of said fire, and while said fire department was engaged in extinguishing the same, the plaintiff was in the exercise of due care, and was rightfully upon the said premises used and occupied by him and his said firm, to wit, in an alley-way adjoining said store; and that the said city then and there negligently suffered certain of the hose used by said city at said fire, and attached to a steam fire-engine belonging to said city, to be defective and of insufficient strength, and out of repair; and that the members of said fire department, then and there employed by said city, then and there worked and used negligently and without due care said engine and said hose and other apparatus used at said fire by said fire department; and that, by reason of said negligence and want of due care, a part of the hose used as aforesaid, and attached to a steam fire-engine as aforesaid, burst

and a large jet and stream of water issued with great violence and force from the said burst in said hose, and struck the plaintiff, then and there standing, as aforesaid, upon his said premises, and hit him with great violence upon the head, and knocked him down, and, by reason of said negligence and want of due care, the plaintiff received severe injury, and was made sick, and deranged in mind for a long time thereafter, and was thereby caused to suffer great anguish of body and mind, and is still suffering from the effects of said injury in both mind and body, and has been and still is prevented from attending to his business since the time of said injury, by reason thereof; whereby an action against said city has accrued to the plaintiff."

The defendants demurred to this declaration, as setting forth no legal cause of action against the city; and the case was thereupon reserved by *Morton*, J., for the determination of the full court.

*D. Foster & E. H. Abbot*, for the plaintiff, were first called upon. 1. If the fire apparatus had been owned and managed by a private corporation, the owner would be liable in this case.

2. The St. of 1850, *c.* 262, under which the fire department was maintained, regulated and managed at the time of the accident, was provided, in § 7, not to operate upon existing laws and ordinances on the subject, until adopted by the city council; and the St. of 1825, *c.* 52, which the St. of 1850 repealed, was provided, in § 7, not to take effect until accepted by the ballots of the citizens of Boston, at a general meeting called for that purpose. The St. of 1850, like the St. of 1825, was a special act, and conferred upon the city powers and privileges not belonging to it under the general laws; applied to Boston alone, and no other town or city could avail itself of its provisions; and did not impose any public duty to establish a fire department, but gave this privilege to the city for its own private benefit and local advantage. The city incurred no obligation under the act until it accepted the grant; and it accepted the grant because it was directly beneficial to the city. It is therefore liable to the plaintiff for the injury done him through the negligent conduct of its agents in the exercise of

the powers and privileges conferred by the act. In *Child* v. *Boston*, 4 Allen, 41, the city was held liable for negligently suffering a common sewer to be out of repair, on the ground that the charge of sewers and drains was not an obligation imposed upon the city by legislative authority, exclusively for public purposes, and without its corporate assent, but was voluntarily assumed, by the acceptance of the act conferring the power. In *Bigelow* v. *Randolph*, 14 Gray, 541, Metcalf, J., referring to the rule that a private action cannot be maintained against a town for a neglect of corporate duty, unless such action be given by statute, says that the rule is of limited application, and is not applied to the neglect of those obligations which a town incurs when a special duty is imposed on it with its consent, express or implied, or a special authority is conferred on it at its request. See also *White* v. *Phillipston*, 10 Met. 108; *Barney* v. *Lowell*, 98 Mass. 570; *Eastman* v. *Meredith*, 36 N. H. 284; *Lloyd* v. *New York*, 1 Selden, 369; *Bailey* v. *New York*, 3 Hill, 531; *New York* v. *Furze*, Ib. 612; *Conrad* v. *Ithaca*, 16 N. Y. 158; *Meares* v. *Wilmington*, 9 Ired. 73; *Richmond* v. *Long*, 17 Grat. 375; *Nevins* v. *Peoria*, 41 Ill. 503; *Mersey Docks Trustees* v. *Gibbs*, Law Rep. 1 H. L. 93; *Scott* v. *Manchester*, 1 H. & N. 59; *Western Savings Fund Society* v. *Philadelphia*, 31 Penn. State, 175; *Same* v. *Same*, Ib. 185; *Shuter* v. *Philadelphia*, 3 Philadel. 228; *Barton* v. *Syracuse*, 36 N. Y. 54; and *Jones* v. *New Haven*, 34 Conn. 1.

3. This case is distinguishable from *Hafford* v. *New Bedford*, 16 Gray, 297. That case came before the court under a declaration which alleged that the city of New Bedford, " as a municipal corporation, and in its capacity as such corporation, being legally authorized and required by law so to do," established a fire department; and it proceeded upon the assumption that the city was required by the general law, and for public purposes, to establish and maintain the department. It was not alleged therein that the city voluntarily assumed the control of the fire department by accepting the special act which conferred the authority to do so, or by accepting a general act the provisions of which any town or city might accept. That it was decided

upon the assumption that the city was bound by the general law to maintain a fire department as a political duty is manifest from the reference to it in *Walcott* v. *Swampscott*, 1 Allen, 101, by Bigelow, C. J., who had delivered the opinion in *Hafford* v. *New Bedford*.

*C. H. Hill,* for the defendants. 1. The demurrer admits facts well pleaded, but not conclusions of law. The plaintiff alleges the establishment of a fire department under the Sts. of 1825, *c.* 52, and 1850, *c.* 262, and the appointment of officers and establishment of rules and regulations therefor by the city government. The nature of the department, its relations to the city, and the liability of the city, must depend upon these statutes and the doings of the municipal corporation under them; and the further allegations that at the time the plaintiff incurred the injury those using the engine " were then and there the agents and servants of the city," and " then and there employed by the said city," are conclusions of law, and, if inconsistent with the facts previously alleged, are not admitted by the demurrer. Com. Dig. Pleader, Q. 6. *Foster* v. *Jackson*, Hob. 56. *Rex* v. *Bishop of Chester*, 1 Salk. 560. *Millard* v. *Baldwin*, 3 Gray, 484. *Lea* v. *Robeson*, 12 Gray, 280, 285.

2. The members of the fire department are public officers, with duties defined by law, and large discretionary powers, in the exercise of which they are not subject to any control by the city. The city government, in appointing them, acts as a branch of the general government of the Commonwealth, and appoints them for purely public purposes and solely for the public benefit. They are not, therefore, servants of the city, and the maxim *respondeat superior* does not apply. Laws & Ordinances of Boston, (ed. 1869,) 224, 225, 231 *& seq. Hafford* v. *New Bedford*, 16 Gray, 297. *Walcott* v. *Swampscott*, 1 Allen, 101. *Buttrick* v. *Lowell*, Ib. 172. *Barney* v. *Lowell*, 98 Mass. 570, and cases there cited. *Bailey* v. *New York*, 3 Hill, 531. Denio, C. J., in *Conrad* v. *Ithaca*, 16 N. Y. 163 *& seq. Hall* v. *Smith*, 2 Bing. 156. *Holliday* v. *St. Leonard Shoreditch*, 11 C. B. (N. S.) 192. The acceptance of the Sts. of 1825 and 1850 does not change the character of the fire department, or the relations of its offi-

cers and members to the city. Whether they are public officers, and exist for public purposes, cannot be affected by the fact that the city government was consulted and its consent obtained at the time the department was established.

3. This case likewise falls within the rule that a private action cannot be maintained against a municipal corporation for a neglect or nonperformance of a corporate duty, unless such action be given by statute. Bro. Ab. Accion sur le Case, pl. 93. *Mower* v. *Leicester*, 9 Mass. 247. *Holman* v. *Townsend*, 13 Met. 297. *Bigelow* v. *Randolph*, 14 Gray, 541. *Eastman* v. *Meredith*, 36 N. H. 284. *Wilson* v. *New York*, 1 Denio, 595. *Mills* v. *Brooklyn*, 32 N Y 489. Those exceptions to the rule which have to be considered here are distinguishable from the present case. They are cases where the corporation receives a direct remuneration for its expenditure and trouble from a particular class in the community, the payment of which is compulsory, and which creates a condition, or an obligation in the nature of an implied contract, that the work for which the remuneration is given shall be well done; where the city or its servants are negligent in the performance of a work, and thus the case is of malfeasance and not of nonfeasance; and where a work is undertaken by the city voluntarily for its own advantage, and the power to undertake it is extraordinary and in the nature of a special privilege granted to it, and not an ordinary or purely corporate duty — where, in short, the city may be regarded as a mere volunteer. *Henly* v. *Lyme*, 5 Bing. 91; *S. C.* 3 B. & Ad. 77; 1 Bing. N. C. 222; 2 Cl. & Fin. 331. *Scott* v. *Manchester*, 1 H. & N. 59, and 2 H. & N. 204. *Cowley* v. *Sunderland*, 6 H. & N. 564. *Mersey Docks Trustees* v *Gibbs*, 11 H. L. Cas. 686, 717, 718, 721, 722. *Child* v. *Boston*, 4 Allen, 41, 52, 53. *New York* v. *Furze*, 3 Hill. 612. *Rochester White Lead Co.* v. *Rochester*, 3 Comst. 463. *Conrad* v. *Ithaca*, 16 N. Y. 158. *Pittsburg* v. *Grier*, 22 Penn. State, 54. In the present case, the object of the department is solely the protection and safety of the public; the expenses of it are paid by the city treasury, and met by ordinary taxation; the city has no corporate interest apart from the interest of the public in

supporting it, derives no benefit from it, and cannot·be said to have received any special privilege from the statute establishing it; and the fault, if any, was purely of omission. The case falls exactly within *Bigelow* v. *Randolph*, 14 Gray, 541, 544, 545, and *Eastman* v. *Meredith*, 36 N. H. 284.

GRAY, J. Cities and towns are authorized by law to procure and maintain fire-engines and reservoirs of water therefor, and to pay the necessary expense thereof, either by general taxation or out of moneys belonging to the town; because the prevention of damage to buildings by fire is an object which affects the interest of all the inhabitants and relieves them from a common burden and danger, and is therefore within the scope of municipal authority. *Allen* v. *Taunton*, 19 Pick. 485. *Torrey* v. *Millbury*, 21 Pick. 64. *Hardy* v. *Waltham*, 3 Met. 163. For the same reason, they are expressly authorized by statute to put conductors into the pipes of aqueduct corporations for the purpose of drawing therefrom, free of expense, as much water as is necessary to extinguish fires. Gen. Sts. *c.* 65, § 14. St. 1867, *c.* 158.

But the extinguishment of fires is not for the immediate advantage of the town in its corporate capacity; nor is any part of the expense thereof authorized to be assessed upon owners of buildings or any other special class of persons whose property is peculiarly benefited or protected thereby. In the absence of express statute, therefore, municipal corporations are no more liable to actions for injuries occasioned by reason of negligence in using or keeping in repair the fire-engines owned by them, than in the case of a town house or a public way. *Hafford* v. *New Bedford*, 16 Gray, 297. *Eastman* v. *Meredith*, 36 N. H. 284. *Bigelow* v. *Randolph*, 14 Gray, 541. *Oliver* v *Worcester*, 102 Mass. 489, 499.

It makes no difference whether the legislature itself prescribes the duties of the officers charged with the repair and management of fire-engines, or delegates to the city or town the definition of those duties by ordinance or by-law. However appointed or elected, such persons are public officers, who perform duties imposed by law for the benefit of all the citizens, the per-

formance of which the city or town has no control over, and derives no benefit from in its corporate capacity. The acts of such public officers are their own official acts, and not the acts of the municipal corporation or its agents. In *Weightman* v. *Washington,* 1 Black, 39, 49, the supreme court of the United States said: " Municipal corporations undoubtedly are invested with certain powers, which from their nature are discretionary, such as the power to adopt regulations or by-laws for the management of their own affairs, or for the preservation of the public health, or to pass ordinances prescribing and regulating the duties of policemen and firemen, and for many other useful and important objects within the scope of their charters. Such powers are generally regarded as discretionary, because in their nature they are legislative ; and although it is the duty of such corporations to carry out the powers so granted and make them beneficial, still it has never been held that an action on the case would lie against the corporation at the suit of an individual, for the failure on their part to perform such a duty."

The duty of extinguishing fires, and of keeping the engines in repair and ready for use, is imposed by the statutes of the Commonwealth, not upon towns and cities, but upon firewards, engineers and other officers, chosen either by the inhabitants, or by the selectmen or mayor and aldermen. Gen. Sts. *c.* 24, §§ 4, 6, 7, 9, 13, 26, 29. So where a distinct fire department is established in a village or district, the district may raise money for the purchase of engines and other necessary apparatus, and for incidental expenses ; but the charge and management thereof are imposed upon the engineers and other officers, when elected. §§ 33, 40, 41, 43. The firewards, engineers and other similar officers are not the servants or agents of the city or town, but are public officers, for whose acts in their official capacity the city or town or fire district is not made responsible, except in the single case of the pulling down of a building to prevent the spreading of a fire. §§ 5, 41. *Taylor* v. *Plymouth,* 8 Met. 462.

Nor is it material that in the city of Boston a fire department has been established and is regulated under a special statute, accepted by the city council. St. 1850, *c.* 262. The engineers

and members of that department are no less public officers, and no more agents of the city, than firewards and similar officers under the General Statutes. In the leading case of *Hafford* v. *New Bedford*, 16 Gray, 297, the fire department, for the negligence of whose members the city was held not to be liable to an action, was established and regulated, and its officers and members appointed, under a similar special statute.

This case is not like that of an act done by the city for its own corporate advantage and immediate emolument, as in *Oliver* v. *Worcester*, 102 Mass. 489; or in constructing or repairing a common sewer, laid under authority of a statute voluntarily accepted by the corporation, which permits the assessment of a contribution to the expense thereof upon the abutters, as in *Emery* v. *Lowell*, *ante*, 13. But it comes precisely within the rule laid down in *Hafford* v. *New Bedford*, and since applied to various similar cases. *Walcott* v. *Swampscott*, 1 Allen, 101. *Buttrick* v. *Lowell*, Ib. 172. *Barber* v. *Roxbury*, 11 Allen, 318. *Barney* v. *Lowell*, 98 Mass. 570.        *Demurrer sustained.*