D. H. HILL *v.* THE BOARD OF ALDERMEN of the CITY OF CHAR-LOTTE.

A municipal corporation is not liable to an action for damages, either for the non-exercise of, or for the manner in which, in good faith, it exercises discretionary powers of a public or legislative character.

(*Meares* v. *Commissioners of Wilmington*, 9 Ired. 73, cited and approved.)

CIVIL ACTION, for damage, tried before his Honor, *Judge Schenck*, upon the complaint and demurrer at Fall Term, 1874, of the Superior Court of MECKLENBURG county.

The defendants demurred to the complaint of the plaintiff, and on the hearing, his Honor overruled the demurrer. From this judgment defendants appealed.

All the facts pertinent to the points raised and decided in this court, are stated in the opinion of Justice RODMAN.

*Jones and Johnson*, for appellants.
*Wilson & Son* and *Brown*, contra.

RODMAN, J. The complaint alleges that the defendant is a corporation authorized " to make all ordinances, rules and regulations for the good government, health and safety of the property and persons in said city, not inconsistent with the laws of the State or of the United States, and to impose penalties for the breaking or infringement of any laws or ordinances

by them established." That in pursuance of this authority the authorities of the city in 1871, adopted an ordinance which prohibited all persons from firing guns or pistols, or exploding any squibs or fire crackers within the limits of the city, under a penalty of five dollars for each offence. It prohibited also the use or exhibition of fire works, &c., within the limits of the city, without the written permission of the mayor, under a penalty of twenty dollars for each offence, &c.

On 15th December, 1873, the defendants in disregard of its duty, &c., passed an ordinance suspending the above ordinance from 25th December, 1873, to the 1st January inclusive. On the evening of the 1st January, 1874, a crowd of boys and men collected in a street of the city near a building of the plaintiff, and there negligently fired off squibs, fire crackers, Roman candles, &c., whereby the said building caught fire and was burned, to the damage of the plaintiff, &c. The defendants demurred.

We conceive that nothing can be clearer, than that when a general authority is given to a municipal corporation to be exercised through its proper legislative officers, to make ordinances for the good government, health and safety of the inhabitants and their property, it is thereby left entirely to the discretion of those authorities, to determine what ordinances are proper for those purposes. Such a charter gives powers, and in a moral sense imposes duties, for in that sense there can be no power to be used for the benefit of others, that does not carry with it a moral obligation to use it to the best of the grantee's judgment and ability, for the purpose for which it is given. But it does not impose such distinct and specific duties as to enable a court to say in any given case, that they have not been performed. If a court should undertake to say, that by reason of this general grant of power, it was the duty of the municipal authorities of Charlotte, to pass and retain in force, an ordinance prohibiting the use of fire crackers, &c., and that the city was liable to any person damaged by reason of such omission, there is no reason why the court should not

adjudge the city liable in every case where the authorities had omitted to pass any other ordinance, which, in the opinion of the court would have been proper for the good government of the city, or the health or safety of the inhabitants, or of their property. A court assuming to do this, would arrogate to itself the legislative power of the city authorities, and it cannot be supposed possible that any court will be guilty of such an usurpation.

Undoubtedly a charter or other statute, may imperatively impose on a municipal corporation, a well defined duty of such a character, that a person injured by its neglect will be entitled to damages, although the statute does not *directly* impose this liability. As where a city is empowered to keep the streets and side-walks in repair. Cooley Const. Lim., 247. *Mears* v. *Commissioners of Wilmington*, 9 Ire. 73.

But in this case, it was evidently left to the discretion of the authorities, to determine from time to time, what ordinances were proper for the ends in view. It may have been wise or not, to pass the ordinance cited, and wise or not to suspend its operation. Some cities have such ordinances, others have not; probably in most, the firing of crackers is tolerated on public holidays. But the question whether wise or not, is not for a court to determine.

The principle we have stated is amply sustained by the authorities. Judge DILLON in his work on Municipal Corporations, sec. 753, thus states his conclusion upon a review of the cases.

" A municipal corporation is not liable to an action for damages either for the non-exercise of, or for the manner in which in good faith, it exercises discretionary powers of a public or legislative character."

In *Wilson* v. *the Mayor, &c.,* of N. Y., 1 Denio, 595, the court say : " The civil remedy for misconduct in office is more restricted and depends exclusively upon the nature of the duty which has been violated. Where that is absolute, certain and

imperative—and every ministerial duty is so—the delinquent officer is bound to make full redress," &c.

" But when the duty alleged to have been violated is purely judicial, a different rule prevails, &c. And although the officer may not in strictness be a Judge, still if his powers are discretionary, to be exerted or withheld according to his own view of what is necessary and proper, they are in their nature judicial, and he is exempt from all responsibility by action, for the motives which influence him, and the manner in which such duties are peformed."

In *Kelly* v. *City of Milwaukie*, 18 Wis. 83, it appeared that the city had power by its charter to prevent swine, &c., from running at large, and had neglected to pass any ordinance in pursuance of that power. A hog running at large in the streets, entered the premises of the plaintiff, and injured some clothes, for which he brought the action. The opinion of the court is a very sensible one, and the judgment is for the defendant.

There is error in the judgment below overruling the demurrer.

PER CURIAM.          Judgment reversed and demurrer sustained.