Vanhorn v. The City of Des Moines.

---

VANHORN v. THE CITY OF DES MOINES.

| 63 | 447 |
|----|-----|
| 79 | 422 |
| 63 | 447 |
| 102 | 426 |
| 63 | 447 |
| 131 | 20 |

1. **Cities and Towns:** LIABILITY OF FOR INADEQUATE SUPPLY OF WATER TO EXTINGUISH FIRES. The fact that a city is authorized by law to provide for a supply of water for the extinguishing of fires, and that it has undertaken to provide such supply, and has levied a tax to defray the expenses thereof, does not render it liable to a tax-payer, whose property has perished by fire on account of an inadequate supply of water to extinguish it. And his case is not aided by the fact that the city has taken from the water-works company a contract to protect it against all actions brought against it for misfeasance or neglect on the part of the company. Such a contract could not *create* liability on the part of the city, and could refer only to existing grounds of liability.

2. ————: ASSUMPTION OF LIABILITY: ULTRA VIRES.   A city cannot assume liability for negligence in cases where the law does not impose such liability.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

ACTION to recover the value of a certain building, and personal property stored therein, which building and property were destroyed by fire.   The defendant's liability is predicated upon the neglect of the Des Moines Water-Works Company to supply sufficient water to extinguish the fire.   The petition avers, in substance, that the defendant authorized the erection and operation of water works by the Des Moines Water-Works Company, and entered into a contract with the company to supply the fire department of the city with a certain quantity of water for the extinguishment of fires; that the company failed to furnish such quantity; that the company further agreed to defend or settle any suit against the city for injury to persons or property caused by the negligence and mismanagement or fault of the company in the construction or operation of its works; that the plaintiff is a tax-payer of the city; that his building was consumed by fire without his fault, and because the Water-Works Company did not furnish sufficient water to extinguish the fire, and because it did not furnish the quantity which it agreed to furnish.   To the petition so averring, in substance, the defendant demurred, and the demurrer was sustained.   The plaintiff electing to stand upon his petition, judgment was rendered for the defendant for costs.   The plaintiff appeals.

*E. J. Goode*, for appellant.

No appearance for appellee.

ADAMS, J.—The defendant was authorized by law to provide for the supply of water for the extinguishment of fires,

1. CITIES and towns: liability of for inadequate supply of water to extinguish fires.
and to levy a tax to defray the expenses. Having undertaken to provide for such supply, and having levied a tax to defray the expenses, the plaintiff contends that the city became liable for a lack of supply, upon the same principle that cities are liable for personal injuries sustained by reason of defective streets and sidewalks.

But the power on the part of a municipal corporation to provide for the accomplishment of certain results does not necessarily impose a liability for their imperfect accomplishment. Even a failure to furnish suitable streets and sidewalks, or to maintain them, does not of itself render the city liable, however much the exigencies of business or the preservation of property may demand them. *Dubuque Wood & Coal Association v. City of Dubuque*, 30 Iowa, 176. The injury sustained must be something more than the lack of facility or means of accomplishing an ulterior result. There are many matters in which municipal corporations have power to provide for the accomplishment of results beneficial to the public, but it would be very unwise to hold them liable for failure to make adequate provision, because, in the various emergencies which may arise, it would be impossible to know what provision would be adequate. Take the matter of the extinguishment of fires. The provision which a given city should make is a matter of legislative discretion. It may be, and often is, inadequate, but individual sufferers have never been held to have a right of action against the city upon such ground. Probably the plaintiff would not contend that they should. His idea, as we understand it, is that, while it may be a matter of legislative discretion in the outset as to what provisions should be made, and no liability can be predicated upon the improper exercise of such discretion, yet, having made a provision, the city is responsible for any misfeasance in carrying it out.

But in our opinion the principle remains the same. The individual sufferer's ground of complaint still is a lack of facil-

ity for accomplishing an ulterior result. If the city is bound to furnish no particular facility, it seems to us that that is the end of all question of liability for failure. *Tainter v. The City of Worcester*, 123 Mass., 311; *Wheeler v. Cincinnati*, 19 Ohio St., 19. In the matter of the coutruction and maintenance of streets and sidewalks, the city may well enough be held liable for personal injuries resulting proximately from its misfeasance or neglect. It should not be allowed to create a source of danger to the public.

But it is said that the case at bar is peculiar in this, that the city took a contract from the Water-Works Company to

2. —— : as-
sumption of
liability : ul-
tra vires.

protect itself against all actions which might be brought against it for misfeasance or neglect on the part of the company. This indemnity, it is claimed, gives a right of action where otherwise it would not exist. But, clearly, this is not so. Indemnification against liability must always be regarded as having reference to existing grounds of liability, and not as serving to create new ones. Besides, the city could not assume liability for negligence in cases where the law did not already impose a liability. The contract, then, must be construed as covering cases only where an action might be maintained against the city independently of the contract. We think that the demurrer was rightly sustained.

AFFIRMED.