## MARY E. BATES v. E. W. HORNER ET AL.

RUTLAND COUNTY, 1893.

Before: TYLER, MUNSON, START AND THOMPSON, JJ.

*Liability of municipal officers.    Official act.    Immaterial*
*error.*

1. A municipal officer is not liable to a private individual for the
   result of an act which is strictly within his official powers
   and duties.

2. A vote of village trustees, who are charged with the duty of
   maintaining the public streets, and who appoint a street
   commissioner to superintend the work on such streets, to
   purchase a ledge outside the village limits and locate a
   stone crusher at it for the purpose of providing stone to be
   used on the streets, is an official act; nor are the defend-
   ants made liable by the fact that they were acting as a
   committee of the trustees to observe the operation of the
   crusher.

3. Questions as to the admission of testimony are immaterial,
   provided, had all the evidence offered by the excepting
   party been admitted, and all that objected to by him re-
   jected, it would still have been the duty of the court to
   direct a verdict against him.

Case for the negligence of the defendants.    Plea, the
general issue.    Trial by jury at the March term, 1892,
Ross, CH. J., presiding.    Verdict for the defendant.    The
plaintiff excepts.    The opinion states the case.

*George E. Lawrence* and *J. C. Baker* for the plaintiff.

That the plaintiff has failed in her action against the mu-
nicipality for this same injury is no bar to the present action.

*Bennett* v. *Whitney*, 94 N. Y. 302; *Severin* v. *Eddy*, 52 Ill. 139; *Perry* v. *Averill*, 37 Hun 363.

The location and operation of the stone crusher was not a judicial act. *Stone* v. *Augusta*, 48 Me. 127; *McCord* v. *High*, 24 Iowa 336.

A public officer in the discharge of a public duty must exercise reasonable care. *Adsit* v. *Brady*, 4 Hill 630; *Nowell* v. *Wright*, 3 Allen 166; *Hover* v. *Barkoof*, 44 N. Y. 125; *Stone* v. *Augusta*, 46 Me. 127; *Hayes* v. *Porter*, 22 Me. 371; *Bennett* v. *Whitney*, 94 N. Y. 302; *McCord* v. *High*, 24 Iowa 336; *Hicks* v. *Dorn*, 34 N. Y. 47.

*Butler & Moloney* for the defendant.

This is substantially the same case as *Bates* v. *Village of Rutland*, 62 Vt. 178, and that decision must control here, for if the municipality is not liable, neither are its officers when acting for it. *Weller* v. *City of Burlington*, 60 Vt. 28; *Parker* v. *Village of Rutland*, 56 Vt. 224; *Hill* v. *Boston*, 122 Mass. 344.

The decision of public officers within the scope of their official authority cannot be the basis of a private action against them. Parker Public Health, 168; *Heald* v. *Lang*, 98 Mass. 581; *Johnson* v. *Dunn*, 134 Mass. 522; *Dennison* v. *Clark*, 125 Mass. 216.

The act of the trustees in locating the crusher was a judicial one. *Winn* v. *Rutland*, 52 Vt. 492; Cooley, Torts, p. 382; *Sage* v. *Laurain*, 19 Mich. 137; *White* v. *Mansfield*, 48 Vt. 20; *Nor. Trans. Co.* v. *City of Chicago*, 99 U. S. 635.

That the crusher was located outside the limits of the village is immaterial. *Felch* v. *Gilman*, 22 Vt. 38; *Baxter* v. *Winooski T. P.*, 22 Vt. 114.

The opinion of the court was delivered by

START, J.   The plaintiff's evidence tended to show that

while she was riding in the village of Rutland her horse became frightened and unmanageable by reason of the appearance and noise caused by the operation of a stone crusher, located partly on the land of one Engram and partly within the boundaries of the highway, and a little beyond the village limits; that the horse, by reason of becoming so frightened and unmanageable, went down an embankment, overturned the carriage, and severely injured the plaintiff.

The plaintiff's evidence also tended to show that the stone crusher, as erected, located and operated, was a public nuisance to travellers upon the highway, and that the defendants had to do with its location, erection and operation on that occasion. The right to maintain and keep in repair the streets and highways in the territory embraced within the limits of the village of Rutland is given to the village by its charter, and the regular officers, elected by the village, having control of such maintenance and repair, are a president and eight trustees. The trustees are authorized by the charter to appoint a street commissioner, and by the charter it is made the duty of the street commissioner to superintend the construction and repair of streets, walks, culverts, sewers and drains, subject to the authority and direction of the trustees. By an ordinance adopted by the village, it is made the duty of the trustees to appoint a street commissioner, who shall have in charge the building and repairing of all streets and sidewalks in the village, the purchasing of material and procuring of labor, under the direction of the trustees; and it is provided that all highway money shall be expended by orders drawn in favor of the street commissioner. The defendants were, at the time of the injury complained of, trustees, and had been, with one other appointed by the president, a street committee of the trustees. The trustees purchased stone to be crushed for use upon the streets and highways of the village, taken from the ledge

where the crusher was set up and operated. It was conceded in argument that the trustees voted to locate the stone crusher at the ledge.

The case of *Bates* v. *Village of Rutland*, 62 Vt. 178, was an action in which the plaintiff sought a recovery on account of the injury complained of in this case, and in that case it was held that the officers by whom the work was being prosecuted were, for this purpose, public officers, and that the village was not liable. The liability of public officers to individuals for negligence in the exercise of official powers and the performance of official duties is fully discussed in *Daniels* v. *Hathaway et al.*, 65 Vt. 247, and it is unnecessary to repeat what is there said. That case and the cases there cited are sufficient authority for holding that the defendants are not liable, provided, in the matter complained of, they were in the exercise of strictly official powers and the performance of strictly official duties.

In the purchase of the ledge and advising and voting to there locate the stone crusher, the defendants were in the exercise of strictly official powers and duties; and, if they acted without corruption or malice, they are not accountable to an individual for damages resulting from such acts. In purchasing the ledge and voting to locate the stone crusher the trustees were adopting measures and plans for the improvement and repair of the streets and highways. It was their duty to adopt plans for this purpose. In so doing they were required to exercise judgment and discretion; and if, by reason of their failure to exercise the highest degree of judgment and discretion, their plans were defective, and could not be executed without creating a public nuisance or endangering the travelling public, they are not accountable to a private person for damages resulting from the adoption of such plans.

In *Robinson* v. *Rohr et als.*, 73 Wis. 436, (2 L. R. A. (Wis.) 366), it is said that a board of street commissioners,

when they determine upon the work and adopt plans and specifications of it; act as public officers, exercising judicial and legislative powers, and they are not amenable to any one except the public for any error, negligence, or mere misfeasance in matters within their jurisdiction.

In *Wheeler* v. *City of Worcester*, 10 Allen 591, it is said that the city, by its properly authorized agents, is charged with the public duty of constructing and maintaining the public streets. It must construct and maintain them in such places and in such manner as the public convenience and necessity require. It must provide for the disposal of the surface water which falls upon them, and in the discharge of this duty neither the city nor its agents can be proceeded against in an action of tort for damages sustained by a private citizen.

In *Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67, it was held that a municipal corporation is not liable for an injury to a traveller upon its streets, resulting from the construction of a sidewalk upon an erroneous plan prepared or approved by its common council; that the rule is well settled that, where power is conferred upon public officers or a municipal corporation to make improvements, such as streets and sewers, and keep them in repair, the duty to make them is *quasi* judicial or discretionary, involving a determination as to their necessity, requisite capacity, and location, and that, for a failure to exercise this power, or an erroneous estimate of the public needs, no civil action can be maintained.

In *Lansing* v. *Toolan*, 37 Mich. 152, Cooley, Ch. J., in delivering the opinion of the court, said: "In planning public works, a municipal corporation must determine for itself to what extent it will guard against possible accidents. Courts and jurors are not to say it shall be punished in damages for not giving the public more complete protection, for that would be to take the administration of municipal

affairs out of the hands to which it has been entrusted by law."

The evidence did not tend to show that the defendants acted corruptly or maliciously, or that they acted in a capacity other than that of public officers in the exercise of strictly official powers and the performance of official duties; and the jury, by a special verdict, have found that the action of the defendants on that occasion, and in locating and operating the stone crusher, was taken in their capacity of street committee and trustees in good faith, according to their best judgment. It is stated in the exceptions that the plaintiff's evidence tended to show that the defendants had to do with the location, erection and operation of the stone crusher, but it does not appear that they had any more to do with it than other members of the board of trustees. For aught that appears in the exceptions, the acts of the defendants in respect to the location, erection and operation of the stone crusher were all official acts. It appears that the trustees purchased the ledge and voted to there locate the stone crusher. By this purchase and vote it may be said that the defendants had to do with the location, erection and operation of the stone crusher, but the act of purchasing the ledge and voting to there locate the stone crusher were official acts. It does not appear that there was any testimony tending to show that the defendants went upon the streets and participated in the execution of the orders of the trustees, or that they aided, assisted, participated in or superintended the erection or operation of the stone crusher. We cannot presume that they performed other than strictly official acts for the purpose of finding error in the rulings of the court below; error must affirmatively appear. If there was evidence tending to show that they became laborers, operatives or superintendents in the matter of setting up and operating the stone crusher, it should be so stated in the exceptions. Unless there was such evidence, the court

should have ordered a verdict for the defendants, and the plaintiff has not been harmed by the failure of the court to charge as requested, or by the charge as given. It does not affirmatively appear that there was any testimony tending to show that the defendants were ever at the ledge where the stone crusher was set up and operated. It does appear, from one of the special verdicts, that the stone crusher was being operated by help hired by the street commissioner, in the interest of the village, on the afternoon of July 12, 1888, in the presence of the street commissioner and the defendants, who were present as a street committee of the trustees to observe its operation and to consult with the street commissioner about its work and other matters connected with the maintenance and repair of the highways, streets and lanes. There is nothing in this finding that shows that the testimony tended to prove that the defendants participated in the operation of the stone crusher, or that they acted other than in an official capacity. It was their duty to inform themselves in regard to the necessity of repairs upon the streets and the best methods of making them, in order that they might act intelligently as members of the board of trustees.

It is unnecessary to pass upon the rulings of the court upon questions relating to the admission and rejection of evidence. If all the evidence offered by the plaintiff had been admitted, and all evidence objected to by the plaintiff had been excluded, it would still have been the duty of the court to have ordered a verdict for the defendants.

*Judgment affirmed.*