FISHER v. GREENSBORO WATER SUPPLY CO.

(Filed May 28, 1901.)

ACTION—*Judgment—Tort—Negligence—Contract.*

> Where an obligation to do a particular act exists and there is a
> breach of that obligation and a consequent damage, an action
> on the case, founded on tort, will lie, and a judgment thereon
> should be so entered.

ACTION by B. J. Fisher against the Greensboro Water Supply Company, heard by Judge *E. W. Timberlake* and a jury, at January (Special) Term, 1901, of the Superior Court of GUILFORD County.   From a judgment *ex contractu* for the plaintiff, the plaintiff appealed.

*A. L. Brooks,* and *J. N. Staples,* for the plaintiff.
*King & Kimball,* and *Bynum & Bynum,* for the defendant.

COOK, J.   There is but one question presented:   Was the plaintiff entitled to judgment *ex contractu* or *ex delicto,* which depends solely upon the nature of the action as brought, whether for a breach of contract or for negligent injuries?

The rule is that where the law, from a given statement of facts, raises an obligation to do a particular act, and there is a breach of that obligation and a consequent damage, an action on the case founded on the tort is the proper action. *Bond v. Hilton,* 44 N. C., 310; *Robinson v. Threadwell,* 35 N. C., 41; *Solomon v. Bates,* 118 N. C., 315.

The plaintiff alleges that defendant had obligated itself (among other things) to furnish to the city of Greensboro an ample supply of water and the necessary machinery, engines, appliances, etc., for protection against fire; that he, an inhabitant and tax-payer of said city, owned the Benbow House, a four-story hotel, there situate, which was burned in June, 1899, and "that the defendant company was culpably negligent and wilfully careless of its duty and obligations, both to the city of Greensboro and its inhabitants, under the said contract, and by virtue also of the duties, obligations and responsibilities which it assumed when it undertook to supply water to the city of Greensboro and its inhabitants for a stipulated price, which was paid to it by the said city, and derived by said city from taxation on the inhabitants thereof, and particularly on the plaintiff, a property owner, as aforesaid, and a tax-payer in the said city of Greensboro, and by reason of the said wilful, tortious, culpable, reckless and gross negligence of the said defendant company, and by reason of its failure and omission to perform its contractual, as well as its public obligations and duties to the said city of Greensboro and its inhabitants, and especially toward the plaintiff in this action, in that it wholly failed and carelessly and negligently refused to furnish the said hydrants in and about the said hotel as hereinbefore set forth, with a sufficient pressure of water to extinguish the said fire before the same had greatly damaged and effectually destroyed and injured a greater part of the said building, and by reason of such tortious, negligent and careless conduct on the part of the said defendant company, the plaintiff was damaged in the sum of forty thousand dollars ($40,000.00).

"The plaintiff is advised, and so alleges, that the defendant company negligently failed to perform its obligations to the said city of Greensboro and its inhabitants and tax-payers, and especially toward the plaintiff in this action, by care-

lessly, wilfully and negligently failing to keep a sufficient quanitty of water in its storage water tank in the said city of Greensboro, necessary for the purpose of extinguishing fire, together with the other uses to which it was applied.

"The plaintiff alleges that the defendant company negligently and carelessly failed to keep its pumping engine ready at all times, and particularly on the day of the fire, above referred to, to supply the needed fire pressure, in that it negligently failed to keep a suitable person at said engine or pumping-house or near the same, for the purpose of responding to the demands for water for the extinguishment of fire, and especially did it fail so to do at the time the property of the plaintiff was burned.

"That there were sufficient hydrants in and near said hotel property to amply furnish a sufficient quantity of water to have extinguished the said fire if there had been a sufficient pressure upon the same, whereby the water could have been utilized by the fire department; but by reason of the lack of pressure, the said fire department, as hereinbefore stated, was wholly unable to arrest the flames in their ravages of the building and property of the plaintiff, but stood helpless and impotent to extinguish the said fire and save the said property of the plaintiff from the great damage and destruction which thereby ensued.

"That the omissions and failure of the said defendant company to perform its duty and obligations, as hereinbefore set out, and its gross negligence in failing to supply a sufficient water pressure to meet the exigencies and necessities of the occasion, which was its bounden duty to do, both under the contract as hereinbefore stated, as well as the benefits derived and enjoyed by it by the license and privileges granted to it by the said city of Greensboro and its inhabitants, the property of the plaintiff was almost wholly destroyed, greatly to his damage, in the sum of forty thousand dollars ($40,000).

"That it was through no fault of the plaintiff that the said fire occurred, or that the same was not immediately extinguished; but that the negligence and omissions of duty, heretofore complained of on the part of the defendant company, was the proximate cause of the destruction of his property, whereby the defendant company becomes liable therefor.

"Wherefore, the plaintiff demands judgment against the defendant, The Greensboro Water Supply Company, for the sum of forty thousand dollars damages, and the costs of this action, and for such other and further relief as in law or equity he may be entitled."

Which was denied and the following are the issues submitted to the jury and their findings, viz.:

1. At the time of the destruction of the plaintiff's property by fire, had the defendant undertaken to furnish the city of Greensboro a supply of water according to the plans and specifications contained in the agreement and contract, as set out and described in the complaint in the quantity and for the purposes set out? Answer. "Yes."

2. At such time, was said defendant company engaged in an effort to perform the stipulations in said agreement, and in the exercise and enjoyment of the privileges of the same during the year the plaintiff's loss occurred, and was it paid for said year the price stipulated in said agreement for furnishing water? Answer. "Yes."

3. Did the defendant company fail with its contract? Answer. "Yes."

4. Was the plaintiff injured by the negligence of the defendant? Answer. "Yes."

Upon said verdict the plaintiff moved for a judgment "for the tortious injury and damage done him by the negligence of the defendant," which was refused by his Honor, who entered judgment for damage as upon breach of contract, to which plaintiff excepted and appealed.

We think the plaintiff was entitled to judgment as prayed for. There was an express and legal obligation upon the part of the defendant to provide and furnish ample protection against fires, and a breach of that obligation and a consequential damage to the plaintiff. Although action may have been maintained upon a promise implied by law, yet an action founded in tort was the more proper form of action, and the plaintiff *so declared*. He stated the facts out of which the legal obligation arose, fully, and also the obligation itself, and the breach of it and the damage resulting from that breach. Chitty on Pleading, Vol. 1, page 155; Thompson on Corporations, Vol. 5, sec. 6340. The case of *Coy v. Indianapolis Gas Co.,* 146 Ind., 655, 36 L. R. A., page 535, is to the same effect, and very similar in facts. In that case the defendant had obligated to supply the town of Haughville and its inhabitants with natural gas. By reason of defendant's negligence and failure to supply the needed gas for fuel during severe winter weather, the plaintiff's child died, on account of which the action was brought. The Court here held that the failure to perform such obligation was in itself a tort and sustained the action.

While common law judgments do not contain any of the precedent facts or proceedings on which they are based and are comprised of those words only which explain the idea with utmost accuracy and brevity, yet, under our system of pleading and practice, courts are required to frame their judgments so as to determine all the rights of the parties, as well equitable as legal. *Hutchinson v. Smith*, 68 N. C., 354. And being a final determination, should contain every element of the action necessary to enable the successful party to obtain the fullness of his recovery.

The defendant in this action is an incorporated company and the plaintiff insists that under section 1255 of The Code, an execution issued upon a judgment founded on an action

for tort, has superior advantages, in its enforcement, over executions issued upon judgments founded upon contracts. As to this, however, we do not express an opinion as that question is not before us.

Let the judgment of the Court below be entered according to this opinion.

Error.