JONES v. WATER CO.

(Filed May 24, 1904).

1. MUNICIPAL CORPORATIONS — *Parties—Contracts—Water Companies.*

   Where a water company contracts with a town to furnish water
   at a certain pressure for the purpose of extinguishing fires, a
   citizen injured by a failure of the company to furnish the water
   as contracted may recover in his own name for the injury.

2. MUNICIPAL CORPORATIONS—*Contracts—Water Companies.*

   Under a contract with a water company to supply water for extin-
   guishing fires, requiring that it shall provide pressure on four
   minutes' notice to throw ten streams at a certain height, a
   property owner, suing for damages for failure to furnish water
   for the extinguishment of a fire, need not show that notice was
   given the company, as such provision was for an extraordinary
   pressure to show the capacity of the plant.

ACTION by R. M. Jones against the Durham Water Com-
pany and others, heard by *Judge C. M. Cooke* and a jury,
at January Term, 1904, of the Superior Court of DURHAM
County. From a judgment for the defendants, the plaintiff
appealed.

*Boone & Reade* and *Manning & Foushee,* for the plaintiff.
*Winston & Bryant* and *Fuller & Fuller,* for the defend-
ants.

CLARK, C. J.  The defendant contracted with the town of
Durham to put in a water plant (section 2) "to abundantly
supply said town of Durham and its inhabitants with pure
and wholesome water fit for all domestic purposes   *   *   *
(section 3), and will furnish at said hydrants at all points
all water necessary for all fire extinguishing and other pub-

lic purposes." (Section 5). "An adequate supply of water
for the sprinkling with carts of all paved streets   *   *   *
and for the extinguishment of fires." (Section 6). "That
if at any time it shall fail to furnish an adequate supply
for all fire and other public purposes, as herein .stipulated,"
etc. There was evidence tending to show that the house of
the plaintiff in said town was burned down because of an
almost total lack of pressure; that the stream of water did
not reach more than half-way to the eaves of the house,
twenty feet being the greatest height to which the water
was thrown.

There can be no real contention that the plaintiff, a citi-
zen and tax payer, and one of the beneficiaries in the pur-
view of this contract, cannot prosecute this action. He is the
real party in interest. He is taxed with payment of his
*pro rata* of the annual rental. The town cannot maintain
this action for the loss sustained by him by reason of the
defendant's failure to perform the provisions of the contract
above recited. For this injury the plaintiff alone can sue.
This point was discussed and settled in *Gorrell v. Water Co.,*
124 N. C., 598, 70 Am. St. Rep., 598, 46 L. R. A., 513,
which has been followed in *Fisher v. Water Co.,* 128 N. C.,
375, and cited and approved in *Lacy v. Webb,* 130 N. C.,
546, and *Gastonia v. Engineering Co.,* 131 N. C., 366, in
which last the doctrine is elaborated. The same principle had
been often affirmed prior to Gorrell's case, to-wit, that the
beneficiary of a contract, though not a party to it nor expressly
named therein, can maintain an action for a breach of such
contract causing injury to him, if the contract was made for
his benefit. Among the many cases to that effect are *Sherrill
v. Telegraph Co.,* 109 N. C., 527 (action for failure to
deliver telegram); S. C., 116 N. C., 658, and *Shoaf v. Ins.
Co.,* 127 N. C., 308; 80 Am. St. Rep., 804. This contract
specifies that the defendant shall furnish the town "and *its*

*inhabitants*  \*  \*  \*   all water necessary for fire extinguishing."

The real point in this case is that section 1 of the contract sets out that the defendant "shall provide means and apparatus which will enable it at all times within four minutes *after a call for such pressure* has been given by the proper officer of the fire department of said town, to furnish to said town for fire service ten fire streams from any ten hydrants to a vertical height of one hundred feet in still air, such stream being taken from the hydrant with one hundred feet of hose and a one-inch nozzle," subject to provisions in sections 12, 13 and 14.   These latter sections provide that if, on a test, the defendant gives only nine streams one hundred feet high within four minutes after notice, the rental of $4,000 (allowed if ten streams of required height are furnished) shall be reduced to $3,950; if only eight such streams, then only $3,850; if only seven, then the rental shall be $3,600, and so on down to five streams of requisite height and size   His Honor instructed the jury, that by virtue of these provisions that unless notice of four minutes, or other reasonable notice, was given the defendant the plaintiff could not recoverr.   In this there was error. The pressure to throw ten streams and not less than five streams one hundred feet vertical in still air was an extraordinary pressure required upon four minutes' notice to show the capacity of the water plant and as a means of measuring the rental to be paid.   This stipulation has no bearing upon the duty of the defendant to furnish a supply of water "adequate for the extinguishment of fires" as provided in sections 2, 3, 5 and 6 of the contract.   These provisions in sections 2, 3, 5 and 6 were in force at all times, and it did not require four minutes' notice to make adequate the pressure which threw the water "only twenty feet high, being only half-way to the eaves."   If the complaint had been that

the ten streams or seven streams of specified height and size were not furnished, then the four minutes' notice should be alleged and shown, but not in this case.

Error.