W. II. HARRINGTON v. TOWN OF GREENVILLE.

(Filed 25 September, 1912.)

1. Cities and Towns—Governmental Duties—Negligence.

Unless the right of action is given by statute, a municipal corporation may not be held civilly liable to individuals for "neglect to perform or negligence in performing" duties which are governmental in their nature, which generally include all duties existent or imposed upon them by law solely for the public benefit.

2. Same—Fire Departments.

The maintenance and operation by a municipality of a fire department for the benefit of the public are duties of a governmental character, and, in the absence of a statute to that effect, a recovery may not be had for the negligent acts or omission of its officers or agents therein which cause damage to its citizens from fires.

3. Same—Inspection of Buildings.

The general powers conferred on municipalities by section 2929, Revisal, and other sections thereof, and the powers to regulate, inspect, and condemn buildings, Revisal, sec. 2981 *et seq.*, are governmental in their character; and for negligent default therein on the part of a municipality and its officers or agents no action lies, none having been given by statute.

4. Cities and Towns—Governmental Duties—Water Plants—Business for Profit—Negligence—Damages.

While a municipality engaged in a business enterprise for profit may be held liable in damages for an injury negligently inflicted, responsibility extends only to those burdens and liabilities incident to the business features of the enterprise; and the principle does not obtain, as in this case, in the negligent

operation and maintenance of a water plant or system in connection with its fire department by reason of which the plaintiff sustained damages by fire to his property, as such matters are governmental and solely for the public benefit.

5. Cities and Towns — Fire Department—Dangerous Conditions—Negligence — Nuisance — Damages—Governmental Duties—Demurrer.

A cause of action against a municipality, alleging its negligent failure in permitting a building to remain in a condition to endanger surrounding houses from fire, and that the plaintiff's house was consequently destroyed to his damage, is in effect an action to hold the municipality liable for its negligent failure to abate a nuisance, which is a governmental function, exercised solely for the benefit of the citizens; and it is demurrable.

APPEAL by plaintiff from *Foushee, J.,* at February Term, 1911, of PITT.

Civil action heard on demurrer to the complaint. The material portions of the complaint are as follows:

"That from time to time, for a number of years prior to 23 February, 1910, this plaintiff repeatedly called the attention of the governing body of said town of Greenville and requested them, as members, both personally and in meeting, of said board of aldermen, to examine the dangerous condition of the property known as Kings stables, the buildings of Sam Cherry, and the old Flanagan buggy shops as a source of danger from fire, which buildings were unoccupied and worthless, being mere hulls and fire traps.

"4th. That the plaintiff repeatedly requested said board of aldermen to condemn and have removed said buildings, because they were dangerous as a source of fire, and that the defendant, under its powers, authorities, and duties conferred and imposed upon it by the general law and by special acts of the General Assembly, had full power and authority to condemn and remove the same.

"5th. That the defendant, negligently, disregardful of the interest and rights of its property-holders and residents, permitted said property to stand as fire traps and gambling dens for negroes, to the great jeopardy and peril of adjacent property-owners.

"6th. That as a result of said negligence on the part of the defendant, and permitting said property to stand as a source of fires, owing to its rotten, decayed condition, and dry, accumulated material, on the night of 23 February, 1910, it became the source of a fire which destroyed the adjacent property of this plaintiff to his great damage.

"7th. That as a result of said fire and as a result of an inadequate supply of water with sufficient force and quantity, and an inadequate supply of hose, hydrants, and fire equipments and force, this plaintiff suffered the loss of his above-described property, to wit, one brick stable and one brick store and the contents of the same, consisting of lumber, one buggy and other property, in the sum of $2,000."

The court entered judgment sustaining defendant's demurrer, and the plaintiff excepted and appealed.

*Harry Skinner and S. J. Everett for plaintiff.*
*F. M. Wooten for defendant.*

HOKE, J. As we interpret the complaint, plaintiff states and intends to state his grievance in two aspects: (1) That his property was destroyed by reason of negligent failure of the city of Greenville to abate a nuisance which threatened the result; (2) that the injury arose in whole or in part from negligent default in equipment and operation of a fire department maintained by the city for the public benefit; and under our decisions both questions must be resolved against him.

It is well recognized with us that unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for "neglect to perform or negligence in performing duties which are governmental in their nature," and including generally all duties existent or imposed upon them by law solely for the public benefit. *McIlhenny v. Wilmington,* 127 N. C., 146; *Moffitt v. Asheville,* 103 N. C., 237; *Hill v. Charlotte,* 72 N. C., 55.

The general power to abate nuisances conferred on municipalities by section 2929 and other sections of the Revisal, and the power to regulate, inspect, and condemn buildings, contained in sections 2981 *et seq.* are clearly governmental in char-

acter, and for negligent default on the part of the city and its officers and agents no action lies, none having been given by the law.

Applying this principle, the well-considered case of *Hull v. Roxboro,* 142 N. C., 453, is an authority directly against the first proposition contended for by plaintiff, and *Peterson v. Wilmington,* 130 N. C., 76, is equally decisive on the second. In *Hull's case* it was held: "A municipal corporation is not civilly liable for the failure to pass ordinances to preserve the public health or otherwise promote the public good nor for any omission to enforce the ordinances enacted under the legislative powers granted in its charter, or to see that they are properly observed by its citizens, or those who may be resident within the corporate limits." And in *Peterson's case:* "That an employee of a fire department of a city cannot recover for injuries caused by a hose reel of the city fire department being *knowingly* allowed to be and remain in unsafe and dangerous condition." The ruling in this last case was made to rest on the principle that in maintaining and operating a fire department for the benefit of the public, the city was engaged in the exercise of governmental duties, and therefore not liable to individuals, unless made so by statute, a position in accord with the general current of authority: *Wild v. Patterson,* 47 N. J. L., 406; *Fisher v. Boston,* 104 Mass., 87; *Jewett v. New Haven,* 38 Conn., 368; *Torbush v. Norwich,* 38 Conn., 225; *Long v. Birmingham,* 161 Ala., 427; *Mayor of New York v. Workman,* 67 Fed., 346.

We are not called on to decide whether the cases of *Coley v. Statesville,* 121 N. C., 301, and *Lewis v. Raleigh,* 77 N. C., 229, are in strict adherence to the principle. We have no disposition to disturb the responsibility as established on the particular facts of those cases and others of similar import, and the liability of such municipalities by reason of defective streets, if in any way inconsistent, is too firmly established to permit of further question.

In more especial reference to the negligence alleged in the proper maintenance of the fire department and the failure of the water supply for the same, we deem it well to refer to a class

of cases which hold that where municipal corporations are engaged in a business enterprise for profit, they will not be considered and dealt with as in the exercise of governmental functions, though their work may inure to some extent to the public benefit, and in such cases the corporation is held subject to the ordinary burdens and liabilities arising in the course of the business, as in *Woodie v. North Wilkesboro,* 159 N. C., 353; *Terrell v. Washington,* 158 N. C., 281; *Harrington v. Wadesboro,* 153 N. C., 437; *Fisher v. New Bern,* 140 N. C., 506.

But this modification of the general principle, if it be such, must be held to extend only to those burdens and liabilities incident to the business features of the enterprise, and does not obtain where, as in this case, the municipality in the exercise of powers and duties imposed by the law is maintaining and operating a fire department solely for the public benefit.

There is no error, and the judgment sustaining the demurrer must be affirmed.

Affirmed.