### MARY H. HOWLAND v. CITY OF ASHEVILLE.

(Filed 12 December, 1917.)

**Municipal Corporations—Water-works—Fires—Negligence.**

> Where, under its charter, a municipality furnishes water to its inhabitants for private use upon compensation, and also water with connections and appliances for extinguishing fires from its public funds, without charging its inhabitants therefor, in the latter instance there is no contractual relations between the municipality and its inhabitants but the exercise of a governmental function, and the municipality cannot, in the absence of statutory provision, express or implied, be held liable to one whose house has been destroyed by fire through its negligence in failing to maintain adequate water mains or to supply a sufficient water pressure. As to whether liability would attach if compensation were charged, *Quære? Harrington v. Greenville*, 159 N. C., 632, cited as controlling.

CIVIL ACTION, tried before *Shaw, J.*, and a jury, at February Term, 1917, of BUNCOMBE.

The action was brought by the plaintiff to recover damages for the destruction of her residence in the city of Asheville. She alleged that the defendant had full power and authority under its charter to provide a system of water-works with all necessary accessories for the purpose of supplying water to its citizens for domestic purposes and for sanitary and other public purposes, and among the latter for fire protection to the city and its inhabitants. That it was authorized further to build and construct the standpipes or reservoirs for the storage of a water supply, and for the building and maintenance of all necessary structures and appliances for forcing the water through its mains and pipes laid in its streets to carry the same to the places where it was needed, and generally that its powers were not only sufficient but ample for the purpose of affording an adequate supply of water with sufficient pressure for fire protection to the city and its citizens and for furnishing to the latter a sufficient quantity of pure and wholesome water for their domestic uses. Plaintiff further alleged that the defendant had failed to perform its duty to the public, and especially to her, in that the pipe laid near her house was too small to carry a sufficient stream of water with the requisite pressure to protect her property, and that this fact had been called to the attention of the city authorities, who were requested to remedy the defect, but that they failed to heed her request, and consequently when her house caught fire, the supply of water and the pressure were insufficient to quench the flames or to check the fire, except to a very small extent, and that she lost her home by reason of the defendant's neglect in the particulars mentioned.

There was a 6-inch pipe laid by the plaintiff in the street near her home, which she asked the defendant before the fire to enlarge so as to

afford a greater volume of water for her protection against fire, but this was not done until after the fire, when a 10-inch pipe was substituted.

The principal complaint of the plaintiff was the lack of water pressure. There was competent evidence that no charge was made by the city for water used to extinguish fires, but the expense of all water consumed for that purpose was paid out of the general fund. This statement is sufficient to show the general nature of the cause of action without setting out more fully the allegations of the complaint and the evidence.

At the close of the evidence and on motion of the defendant the court dismissed the action as of nonsuit, and plaintiff appealed.

*Thomas Settle, Curtis Bynum, and Merrimon, Adams & Johnston for plaintiff.*
*Marcus Erwin and Harkins & Van Winkle for defendant.*

WALKER, J., after stating the case: We are unable to distinguish this case from *Harrington v. Greenville,* 159 N. C., 632, for, on the contrary, we think that the two cases are in every material respect exactly alike, and certainly they are sufficiently so to require that they should be governed by one and the same principle. We may go even further and say that if there is any difference between the two cases, it is favorable to the defendant in this case, and clearly shows that it is not liable for the plaintiff's unfortunate loss of her property.

In providing for water at hydrants distributed throughout the city, there is no exercise of a private or corporate duty arising out of contract, as where the city is engaged in business of its own for the purpose of gain or profit, but it is exercising a governmental function, and it is not liable for any damage to a citizen if there is a failure to perform it, or to perform it properly or even negligently.

The language of *Justice Hoke* in the Harrington opinion states a case so clearly analogous to this one that we will do well to quote it: "As we interpret the complaint, plaintiff states and intends to state his grievance in two aspects: (1) That his property was destroyed by reason of negligent failure of the city of Greenville to abate a nuisance which threatened the result; (2) that the injury arose in whole or in part from negligent default in equipment and operation of a fire department maintained by the city for the public benefit; and under our decisions both questions must be resolved against him. It is well recognized with us that unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for 'neglect to perform or negligence in performing duties which are governmental in their nature,' and including generally all duties existent or imposed upon them by law solely

for the public benefit," citing *McIlhenny v. Wilmington,* 127 N. C., 146; *Moffitt v. Asheville,* 103 N. C., 237; *Hill v. Charlotte,* 72 N. C., 55.

This Court has held that a municipal corporation is not civilly liable for the failure to pass ordinances to preserve the public health or otherwise promote the public good nor for any omission to enforce the ordinances enacted under the legislative powers granted in its charter, or to see that they are properly observed by its citizens, or those who may be resident within the corporate limits. *Hull v. Roxboro,* 142 N. C., 453. And in another case, that an employee of a fire department of a city cannot recover for injuries caused by a hose reel of the city fire department being *knowingly* allowed to be and remain in unsafe and dangerous condition." *Peterson v. Wilmington,* 130 N. C., 76.

It was said in the *Harrington case,* at p. 635: "The ruling in the last case (*Peterson v. Wilmington, supra*) was made to rest on the principle that in maintaining and operating a fire department for the benefit of the public, the city was engaged in the exercise of governmental duties, and therefore not liable to individuals, unless made so by statute, a position in accord with the general current of authority," citing *Wild v. Patterson,* 47 N. J. L., 406; *Fisher v. Boston,* 104 Mass., 87; *Jewett v. New Haven,* 38 Conn., 368; *Torbush v. Norwich,* 38 Conn., 225; *Long v. Birmingham,* 161 Ala., 427; *Mayor of New York v. Workman,* 67 Fed., 346.

The defendant is not liable in such cases, because it is performing the functions of government, where the whole community is affected in the same way, though not all perhaps in the same degree, and is not performing an act of a business nature for its own benefit. *Edgerby v. Concord,* 6 N. H., 8.

It was said in *Howison v. New Haven* (Conn.), 9 Am. Rep., 342: "The acceptance of a special charter by a municipal corporation, authorizing it to perform a strictly governmental duty, does not create a contract between the corporation and the State that it shall be performed, nor make a corporation liable for any omissions to perform or a negligent performance of it." And in *Kirch v. Louisville,* 101 S. W., 373, it was held that a city is exercising a purely *governmental* function when it is supplying water for its public uses, such as watering its streets and parks and extinguishing fires. It was upon the same general principle that the cases of *Hipp v. Ferrall,* 173 N. C., 167; *Hudson v. McArthur,* 152 N. C., 445, and *Templeton v. Beard,* 159 N. C., 63, were decided. See, also, *McConnell v. Dewey,* 5 Neb., 385; *Bates v. Horner,* 65 Vt., 471 (22 L. R. A., 824, and note); *S. v. Harris,* 89 N. C., 169, and there are numerous other cases in our Reports of the same kind.

In the case of *Moffitt v. Asheville,* 103 N. C., 237, *Justice Avery* states the rule clearly and succinctly. He says: "Where a city or town is

exercising the judicial, discretionary or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liability for the negligence of its officers, though acting under color of office, unless some statute (expressly or by necessary implication) subjects the corporation to pecuniary responsibility for such negligence," citing *Hill v. Charlotte,* 72 N. C., 55, and many other cases, among them *Donohue v. City of Brooklyn,* 51 Hun., 563, and *Hill v. City of Boston,* 122 Mass., 344, in which the authorities are collected.

In this case there was no statutory liability imposed on the defendant, and no special contract with the plaintiff, as she was being served just as were other citizens of the same community, there being no extra charge made to any of them for the use of water at fires, if such a payment would make any difference, which we do not decide, as it is not necessary to do so. The fire department was intended for the common benefit and protection and was maintained at the public expense. There is no view of the facts disclosed by this record which would justify a recovery by the plaintiff. There are numerous cases cited in the defendant's brief which show a very strong trend of judicial opinion against the liability of a municipal corporation in a case like this one. We will add a few authorities, which are taken from those relied on by defendant, to those already cited, as they illustrate the principle that for negligence in the management of its fire department or its apparatus which results in the loss of his property by one of its citizens, the municipality is not responsible. *S. F. & M. Ins. Co. v. Keeseville,* 148 N. Y., 46; *Tainter v. Worcester,* 123 Mass., 311; *Van Horn v. Des Moines,* 63 Iowa, 447; *Wright v. Augusta,* 78 Ga., 241.

In the last cited case the Court said: "Our attention has been directed to no case where a municipal corporation has been held liable for damages done to the property of a citizen in consequence of its failure to provide suitable engines and apparatus, or on account of defective cisterns, or an insufficient supply of water to extinguish the flames, or to the inefficiency, carelessness, and neglect of its firemen or the officers in charge of them, and whose duty it is to direct their operations; while we have been furnished with a number of cases that hold they are not so liable, even when they have authority to levy and collect taxes for that purpose."

The cases cited by the learned counsel of the plaintiff are not applicable, but are clearly distinguishable. Some of them were actions upon contracts with water companies, and others where the city was furnishing light to private consumers for a consideration accruing to itself alone. Such were *Gorrell v. Water Supply Co.,* 124 N. C., 328; *Jones v. Water Co.,* 135 N. C., 553; *Morton v. Water Co.,* 168 N. C., 582;

*Powell v. Water Co.,* 171 N. C., 290; *Fisher v. Water Co.,* 128 N. C., 375; *Fisher v. New Bern,* 140 N. C., 506; *Harrington v. Wadesboro,* 153 N. C., 437, and *Terrell v. Washington,* 158 N. C., 281. We need not refer to them more specially, except to say that they rest upon a different principle and upon their own peculiar facts, which are not to be found in this record. We have reached the limit of municipal liability in deciding them and should keep strictly within it, for there would be great danger of serious injury to the public if it should be transcended.

    No error.

CLARK, C. J., concurs in this opinion. I understand this opinion and *Harrington v. Greenville,* 159 N. C., 632, to affirm the nonliability of a municipality in exercising the governmental function of maintaining a fire department, but that these cases do not apply where a city or town is maintaining a system of municipal water-works. In such case, the liability of the municipality to employees, to the public, to patrons and to any others is the same as a privately owned water company, for the reason that the municipality is then operating a business enterprise, and not governmentally.