Nash, J.
 

 This was an action on the ease.
 

 The plaintiif put into the hands of the defendant two notes on John II. M ask, of Anson county, which the defendant promised to collect or return. The defendant gave the plaintiff a receipt in words and figures, as follows, to wit: Wadesboro’, Sept. 17th, 1845, Received of A. Robinson the following notes to collect or return, as an officer, against John H. Masjfc for fifteen dollars, with interest from 13th. day of January, 1843, with a credit of two dollars paid the 15th of Sept. 1842: also one against John LI. Mask, for $13 65, with interest from 1st of January, 1844.
 

 G. B THREARGILL, D. S.”
 

 The plaintiff introduced evidence tending to show, that Mask had property sufficient to satisfy the claims put into the hands of the defendant, if ordinary diligence had been used. The defendant’s counsel objected to the recovery, upon the ground that it had not been shown that the defendant .was an officer, nor was there any evidence to show that he was deputy sheriff. The plaintiff’s counsel insisted that he had a right to recover against him as an individual. The Court charged the jury that it was the duty of the defendant, when he undertook to collect the notes put into his hands by the plaintiff, to use ordinary diligence, such diligence as an ordinarily prudent man would, exercise in the collection of his own money, that if he neglected to do this, and the plaintiff by his negligence had lost his debt, they should find a verdict for the plaintiif. Under this instruction the jury found verdict for the plaintiff.-
 

 
 *41
 
 The defendant obtained a rule for a new trial, upon the ground that there was evidence from the receipt itself that the defendant was not only an officer, but that he was deputy sheriff, and if so, that the plaintiff could not recovfer against him, but must sue his principal.
 

 This objection was not made upon the trial, but, upon the contrary, it was urged that there was no evidence that he was deputy sheriff, nor was there any instruction prayed that there was evidence to be submitted to the jury.
 

 There was no evidence that the defendant was deputy sheriff, other than the receipt.
 

 With the motion for a new trial, we have nothing to do. In this Court two objections growing out of the record, have been pressed upon us. The action is in case. The plaintiff placed in the defendant’s hands several notes, for which he gave a receipt “ to collect or return,” neither of which he did. The first objection is, that the plaintiff has mistaken his remedy, he ought to have sued in assumpsit. Case is the appropriate remedy. Where the law, from a given statement of facts, raises an obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, an action on the case, founded on the tort, is proper. Burnett and Lynch, 5 Barn. & Adol. 609. And Bailey, Justice, in delivering his opinion in the same case, says, “ although there be a special contract, a party is not bound to resort to it, but he may declare on the tort, and say that the defendant has neglected to perform his duty.” In
 
 Gorett
 
 v
 
 Roderidge,
 
 3d East. 70, the same doctrine is held, Lord Ellenbohough observing “ there is no inconvenience in suffering a plaintiff’ to allege his gravamen as consisting in a breach of duty arising out of an employment for hire, and bringing the action for that breach, rather than upon the breach of promise.” Saunders on Pleading and evidence, 338. Here the law raised an obligation
 
 *42
 
 on .the defendant to do a particular act, to wit, to collect or return the notes, and he was guility of a breach of that obligation. The plaintiff was at liberty to consider the breach of .duty as his gravamen, and case was his appropriate remedy, though he might have sued in assumpsit.
 

 The second objection is, that there is no legal consideration for the contract on the part of the defendant, as it was a simple promise on his part to do the act without reward, and he never entered upon its discharge. A consideration of some kind is absolutely necessary to the validity of every contract, but it need not be in money nor money’s worth. In the case of a bailment, the bare being trusted with another’s goods is a sufficient consideration, if the bailee once enters upon the trust, and takes the goods into his possession. The leading case on this subject, and which has since ever been followed, is that of
 
 Coggs
 
 v Barnard, reported in Lord Raymond, p. 909. It is unnecessary to state the facts of that case ; it is too familiar to the profession. In Smith’s leading cases, the editors, in commenting on that case, state the principle, which is now the settled law, that the confidence induced by undertaking any service for another, is a sufficient legal consideration, to create a duty in the performance of it. Here the defendant undertook a duty for the plaintiff, that of collecting or returning certain notes. If nothing more had taken place between the parties, the agreement would have been a
 
 nudum,
 
 pactum, binding upon neither. But it did not; the plaintiff delivered to the defendant, and he took into his possession, the notes mentioned in the case, for the purpose, and under the obligation, to collect or return them. By. so doing, he entered upon his trust, and the law imposed the duty of performing it.; There
 
 was
 
 then in law a sufficient legal consideration for the promise of,the defendant.
 

 Pbr Curiam. Judgment affirmed.