Battle, J.
 

 It cannot now be denied that the relator, in a suit upon an official bond, made payable to the State or to an officer of the State, is the real plaintiff in the cause. It was so expressly decided in the cases of
 
 State
 
 v.
 
 Lightfoot, 2
 
 Ire. Rep. 306, and
 
 McLlaughlin
 
 v.
 
 Neil,
 
 3 Ire. Rep. 294,, and we are not at liberty to dispute their authority. That being established, it follows as a necessary consequence that the objection made by the defendants to the recovery in this suit is fatal. If the suit were against all the obligors in the bond, of whom the relator was one, it would be directly within the principle that a man cannot sue himself, either alone or with others.
 
 Pearson
 
 v.
 
 Nesbit,
 
 1 Dev. Rep. 315. Can it make any difference that the relator did not include himself in the suit? We think not, because his
 
 right to
 
 sue depends upon the fact that the bond was in effect delivered to him, or that a contract was made with him, which could not be,
 
 *319
 
 as he could not either by himself or with others, deliver the bond to himself, or contract with himself.
 
 Justices
 
 v.
 
 Bonnet,
 
 3 Dev. Rep. 290.
 

 But it is contended by the plaintiff’s counsel that the objection was not open to the defendants upon the pleadings, and could not be taken at the trial. We do not. see why, as it appeared upon proof of the bond, and was besides expressly admitted that the relator was one of the obligors. The objection could not be taken by a plea in abatement, because the defendants could not-give the plaintiff a better writ. It did not appear in the declaration, and therefore no demurrer could be put in. If good at all, it must have been taken on the trial upon the general issue, when it appeared in the evidence. That the relator should not be permitted to sue at law in such a case will appear to be placed not more upon a technical than upon a substantial difficulty, when it is recollected that he is equally liable with the other sureties for the officer’s defaults, and that in case of the insolvency or removal from the State of one or two of them, it might be almost impossible at law properly to adjust, the loss among the solvent or remaining sureties.
 

 Pee, CüRiam. Judgment reversed, and
 
 venire de novo
 
 awarded.