S. & B. SOLOMON v. ISAAC BATES, et al.

*Action Against Bank Directors—Joinder of Different Causes of Action—Liability of Directors for Deposits—Condition Precedent—Right of Depositors to Maintain Action—Pleading—Liability of Bank President.*

1. It is not a misjoinder of causes of action to join in the same action brought against bank directors individually a cause of action for gross negligence in the discharge of their duties, whereby the plaintiff was injured, with causes of action for the fraud and deceit of the directors in making false statements and misrepresentations of the condition of the bank whereby the plaintiff was induced to deposit his money in the care of the bank.

2. Bank directors are jointly and severally liable for their *torts,* and the corporation itself can be joined or not at the election of the plaintiff.

3. Where it is admitted by demurrer, or otherwise, that a corporation is insolvent, it is not necessary to exhaust remedies against it before suing the directors for wrongs caused by their negligence, fraud or deceit.

4. An action can be brought by a depositor or other creditor, and even by a stockholder, against the president and directors of a corporation for losses resulting from their fraud, negligence or mismanagement without having first applied to the corporation or its receiver to bring such action and being refused.

5. In an action by a depositor against the president and directors of an insolvent bank to recover losses resulting from their fraud, negligence or mismanagement, it is not necessary to allege that "when the plaintiff deposited his money the directors knew or believed he would not get it back, or intended by deceit to get it from him or cause him to lose it," but it is sufficient to allege that the bank being insolvent, the defendants caused false and fraudulent statements of the condition of the bank to be published, representing it to be solvent and with capital stock unimpaired, and declaring dividends with a view to conceal its insolvent condition and procure deposits, and that the plaintiff was deceived thereby into making the deposit which he is seeking to recover.

SOLOMON *v.* BATES.

6. Bank directors are liable for gross neglect of their duties, and mismanagement, (though not for errors of judgment made in good faith,) as well as for fraud and deceit.

7. If false and fraudulent statements of the condition of a corporation are put forth under the authority of the directors, it is not necessary that they should know them to be such ; it is their duty to know them to be true, and they are liable for damages sustained by one dealing with the corporation, relying on the truth of such official reports.

8. The same liability attaches to the president and other managers as to the directors in like cases.

CIVIL ACTION, heard before *Hoke, J.,* at April Term, 1895, of NEW HANOVER Superior Court, on complaint and demurrer. The demurrer was overruled and defendants appealed. The facts fully appear in the opinion of Associate Justice CLARK.

*Messrs. Allen & Dortch* and *A. D. Ward,* for plaintiff.
*Messrs. Ricaud & Weill, H. G. Connor* and *D. L. Russell,* for defendants (appellants).

CLARK, J. :   This is an action brought by a depositor in a bank, which has become insolvent, against the directors thereof personally. The first cause of action sets out that the defendants were directors ; that under the by-laws, adopted by the stockholders and directors, it became the duty of the defendants actively to manage and superintend the business of the bank ; to examine each Tuesday the discount book, containing a statement of all loans made, to whom made, the securities therefor, and when due ; to appoint, each three months, a committee of two from the board of directors to examine the books of the bank, its valuable effects and other matters ; to count the money on hand, and compare with the books, and report to the board of directors ; that the defendants failed to perform these duties imposed by the by-laws, and by reason of

such failure large loans were made by the bank to insolvent persons upon inadequate security, and the bank became insolvent about the year 1889; that after the bank became insolvent, the defendants made annual statements to the stockholders, showing the bank to be solvent, its capital stock unimpaired and a surplus on hand, and declared and paid out annual dividends of between $20,000 and $25,000; that, after the bank became insolvent, the defendants wilfully and fraudulently caused semi-annual statements to be published in the newspapers, sworn to by the president or cashier, and attested and verified by three directors, showing the bank to be solvent, its capital stock unimpaired, and that it had a surplus on hand; that such statements were made for the purpose of establishing the credit of the bank, to conceal its real insolvent condition, and to induce the public to deal therewith and to deposit money therein; that the plaintiff knew of such statements, and believing the same to be true, and relying thereon, made deposits with the bank in December, 1892, and in 1893, and allowed the deposits to remain therein, and the same were lost.

The second cause of action is the same as the first, except it alleges, in direct terms, that the defendants knew that the statements made and published by them were false.

The third cause of action alleges the duties imposed upon the defendants, as set out in the first cause of action, and their failure to perform them; that the bank became insolvent, and that the defendants had knowledge of this insolvency, and, with such knowledge, negligently and fraudulently permitted the bank to continue in business, and received the deposits of the plaintiffs, who were ignorant of the insolvency of the bank.

The fourth cause of action (by mistake numbered the

fifth) alleges the duties set out in the first cause of action, and, in addition, that from the year 1889 to the 19th day of June, 1893, the defendants, as directors, negligently and fraudulently caused and permitted standing advertisements to be published, falsely setting forth the solvency of said bank, with the purpose of inducing the plaintiff and the public generally to deposit and keep moneys in said bank ; that at the time said statements were so made said bank was insolvent, and the defendants knew, or ought to have known, of such insolvency ; and that the plaintiff, relying upon such statements, and believing the bank to be solvent, made the deposits, &c.

The fifth cause of action (by mistake numbered sixth) is identical with the first cause of action, except the allegations as to the cause of the insolvency of the bank. In the first cause of action, it is alleged that many loans were made to insolvent persons, upon inadequate security ; and in this cause of action, that loans were made to insolvent persons, or if made to solvent persons the defendants negligently failed to collect, or to cause them to be renewed, and they became worthless.

The sixth cause of action (by mistake numbered seventh) is identical with the first cause of action, except in the fifth paragraph. In this cause of action, in addition to the allegations of the fifth paragraph of the first cause of action, it is alleged that many of the insolvent persons to whom loans were made, upon inadequate security, were relatives and favorites of the defendants and other officers of the bank, and some of them officers of the bank.

To this the defendants demurred on three grounds :

" I. That there is a misjoinder of causes of action, in that several causes of action in *tort* as for deceit by said defendants are united with a cause of action in contract

against said defendants for failure to do their duty and mismanagement as directors of the Bank of New Hanover.

"II. That there is a misjoinder of parties defendant, in that the said defendants are severally charged with an intent and purpose to defraud the public and the plaintiff by holding out the Bank of New Hanover as a solvent institution, without alleging any conspiracy or common purpose among the defendants so to do.

"III. That complaint does not state facts sufficient to constitute a cause of action in this, that it appears by. the complaint that defendants deposited their money with the Bank of New Hanover; that the bank afterwards suspended and was insolvent and, failed to pay the plaintiffs. on demand, and that plaintiffs claim the whole amount of their debt as damages against these defendants on the alleged fraud, but complaint does not allege that the bank has no assets, or that they cannot recover any part of the debt. from the bank."

As to the first ground of demurrer : While breach of a. duty imposed by statute or by express contract is *ex contractu*, the breach of a duty imposed by law arising upon a given state of facts is a *tort*. *Hodges* v. *Railroad*, 105. N. C., 170. An action for damages for breach of duty in. the latter case is an action for *tort*. *Bond* v. *Hilton*, 44 N. C., 318; *Williamson* v. *Dickens*, 27 N. C., 259. And even if there had been a special contract or a statutory provision, the plaintiff might sue for the negligence in *tort*. *Robinson* v. *Threadgill*, 35 N. C., 39; *Purcell* v. *Railroad*, 108 N. C., 414. Here, the failure to discharge the duties required by the by laws was a wrong caused by defendant's negligence—a *tort*, and is properly united in the same action with a *tort* by the fraud and deceit charged in the same complaint. Indeed, there was no contract,

SOLOMON *v.* BATES.

between the directors, individually, and the plaintiff, and his remedy is for the *tort*, the wrong they have caused him by their misconduct. *Guion* v. *Richardson*, 79 Am. Dec., 255 ; 30 Conn., 360. But had the failure to comply with the duties required by the by-laws been a cause of action *ex contractu*, there would still have been no misjoinder, for all the causes of action " arose out of the same transaction, or transactions connected with the same subject of action." *Code*, Sec. 267 (1) ; *Hodges* v. *Railroad, supra ; Bank* v. *Harris*, 84 N. C., 206 ; *Adams* v. *Quinn*, 74 N. C., 359 ; *Hamlin* v. *Tucker*, 72 N. C., 502 ; *Heggie* v. *Hill*, 95 N. C., 303 ; *Benton* v. *Collins*, at this Term. There is the same " subject of action" throughout, i. e., the plaintiff's loss of his deposit. If this ground of demurrer had been well founded the remedy would have been not to dismiss but simply to divide the action, (*Code*, Sec. 272 ; *Hodges* v. *Railroad, supra ; Street* v. *Tuck*, 84 N. C., 605 ; *Finch* v. *Baskerville*, 85 N. C., 205,) which would have caused a multiplicity of actions, with increased costs to the parties and the public as well, without any benefit, apparently, to the defendants.

As to the second ground of demurrer : The complaint does not allege several acts committed by different defendants, but that the defendants acting together committed the acts complained of. This would make them jointly and severally liable, and the averment of a common design or conspiracy is unnecessary. *Long* v. *Swindell*, 77 N. C., 176 ; *Mode* v. *Penland*, 93 N. C., 292.

As to the third ground of demurrer : The complaint alleges a demand for payment from the bank and that the bank is " wholly insolvent." As the demurrer admits this allegation, there can be no reason why the plaintiff should not prosecute, without further delay, whatever remedy he may have against the directors whose negligence, fraud and

SOLOMON v. BATES.

deceit he alleges to have been the cause of his loss. Besides, if the plaintiff was induced by the fraud perpetrated by the defendants in making and publishing the alleged fraudulent statement, to part with his money, he can sue the agents, the directors, as well as the principal, the corporation, and can proceed against them jointly or severally. 3. Thompson Corp., Secs. 4096, 4138, 4145. It is further insisted *ore tenus* that the action cannot be maintained because a cause of action is not stated :

1. "Because the action cannot be brought by a depositor or creditor, but must be brought by the corporation or the receiver, or at least that it must appear that application has been made to them to bring such action and that there had been a failure or refusal to do so." "For a breach of duty to their principal, the corporation, redress can only be had against the directors by that principal, the corporation (or its receiver) or by the shareholders, if the corporation (or its receiver) refuses to sue. But for any breach of duty towards a stranger to the company (as a creditor or depositor) such stranger may have redress against them (the directors) either at law or in equity according to the nature of the injury, and it will be no defense that their principal is also liable." 3 Thompson *supra*, Secs. 4132, 4138, 4145 ; *DeLano* v. *Case*, 121 Ill, 247 ; 2 Am. St. Rep., 81. As to national banks, this may be otherwise as to them when a receiver has been appointed, since the manner of enforcing the personal liability of the directors is prescribed by U. S. Rev. Statutes, Secs. 5234, 5239 ; *Bailey* v. *Mosher*, 63 Fed. Rep., 488, *contra Prescott* v. *Haughey*, 65 Fed. Rep., 653. But we do not here pass upon that proposition, for the defendants are sued as directors of a state bank.

2. "That the complaint is not sufficient as a charge of actionable deceit against the defendants, because it does

not distinctly charge that the defendants, when the plaintiff deposited his money in the bank, knew or believed he would not get it back, or that they intended by deceit to obtain it from him or cause him to lose it." It is sufficient to allege that the bank, being insolvent, the defendants caused false and fraudulent statements of the condition of the bank to be published, representing it to be solvent and with capital stock unimpaired, and declaring dividends, all this with a view to conceal its insolvent condition and induce the public to make deposits, whereby the plaintiff was deceived and made one deposit which he is now seeking to recover. Indeed, the directors are liable for injury caused by relying upon a statement issued by them, which they did not know to be true, as well as when they knew it to be false. *Hubbard* v. *Weare*, 70 Iowa, 678; *Huntington* v. *Attrell*, 118 N. Y., 365; S. C., 42 Hun., 459; 3 Thompson, *supra*, Sect. 4244. If bank directors do not manage the affairs and business of the bank according to the charter and by-laws, and use ordinary diligence to supervise the conduct of their office and to understand the condition of the bank, and loss ensues, they are liable for all losses their misconduct may inflict either upon stockholders or creditors. 1 Morse on Banks, Sec. 138; 17 Am. & Eng. Enc., 109, and cases cited. They are trustees for depositors and can be held liable for injuries resulting from gross negligence on their part in allowing the bank to be held out to the public as solvent, when it is, in fact, insolvent. 1 Morse, *supra*, Sec. 130 (a). We adopt what is so well and forcibly said in *Delano* v. *Case*, *supra :* " Ordinarily the character of the directory for integrity and business capacity increases the degree of confidence reposed in the corporation by the public. Were depositors, when entrusting to a bank their entire fortune, to be informed that the directors, upon whose honor and careful watchful-

ness they were relying, owed them no duty, were under no obligation to take at least reasonable precautions to guard their money from the itching fingers of dishonorable officials, they would certainly hesitate long before surrendering it upon such terms." For false statements of the condition of the bank, published by authority of the directors when they knew of the falsity or with reasonable care might have known it, the directors are personally liable. 1 Morse, *supra*, Sec. 132, and cases cited; Bolles on Banks, Sec. 4; *Shea* v. *Mabry*, 1 Lea, (Tenn.,) 319; *Townsend* v. *Williams*, 117 N. C., 330. " While directors are bound to exercise ordinary skill, and are liable for losses resulting from mismanagement of the affairs and business of the bank, they are not liable for excusable mistakes concerning the law and for errors of judgment, either as to the law or the management, when acting in good faith," (2 Am. & Eng. Enc., 115, and cases cited,) though good faith alone will not excuse them when there is lack of the proper care, attention and circumspection in the affairs of the corporation, which is exacted of them as trustees. *Shea* v. *Mabry* and *Townsend* v. *Williams, supra.* The degree of care required of directors depends upon the subject to which it is to be applied. They are not insurers of the fidelity of the agents whom they appoint, nor are they responsible for losses caused by the wrongful acts of such agents unless there was gross negligence in making such appointment, or in lack of proper supervision. 3 Thompson, *supra*, Secs. 4106, 4113; *Briggs* v. *Spaulding*, 141 U. S., 132; Paine Banking Laws, Section 1781 (2).

Where the object of the suit is to charge the directors with liability for a breach of trust, the rule is well settled that relief may be had against any or all those who concurred in the wrong, the *tort* being treated as several as well as joint. 4 Thompson, *supra*, Sec. 4582, and cases

SOLOMON *v.* BATES.

cited. The liability of the president and vice-president to depositors and other creditors for losses sustained by them in dealing with the corporation on the faith of misrepresentations by such officers as to its financial condition, or other facts forming a material inducement to the deposit or contract, is the same as that of directors. 4 Thompson, *supra*, Secs. 4670, 4671, 4672, and cases cited. While it is quite well settled that an action can be brought against the directors by the depositors and other creditors for damages caused by their gross mismanagement, neglect and false representations, and this without first applying to the corporation itself, or to the receiver, to bring such action, there have been authorities that a stockholder could not maintain such action without such prior demand and refusal, but it is made clear that this was only at law, and that in equity upon proper allegations a stockholder as well as a creditor may now maintain the action directly, and in the first instance against the directors. 3. Thompson, *supra*, Sec. 4090 ; 2 Morse, *supra*, Sec. 717. But both as to third parties and stockholders alike, it is a good cause of action against directors that they declare the dividend, as in this case, out of the capital stock or deposits of the bank, and not out of its earnings. 2 Morse, *supra*, 717 ; *Gaffney* v. *Colville*, 6 Hill, 567 ; and also that they caused false reports to be published by the directors of the condition of the bank. As said above, it is not necessary that the directors should know that such reports are false. It is their duty to know that they are true. *Huntington* v. *Attrell*, *supra ;* 3 Thompson, *supra*, Sec. 4224, and *Hauser* v. *Tate*, 85 N. C., 81, citing *Bank* v. *Wulfekuhler*, 19 Kan., 60 ; *Bank* v. *St. John*, 25 Ala., 566, and *United Society* v. *Underwood*, 9 Bush,, 609.

No Error.