### W. T. SPRINKLE v. S. G. BRIMM.

(Filed 24 April, 1907).

**Contract—Consideration.**—Defendant retaining possession of kegs of brandy sold by him to plaintiff and paid for, together with the price of necessary revenue stamps, under promise to ship in accordance with certain directions, is liable upon the loss of the brandy, through his negligence, to the plaintiff for the value of the brandy and stamps.

CIVIL ACTION, tried before *Ward, J.,* and a jury, at August Term, 1906, of the Superior Court of SURRY County, upon appeal from a court of a justice of the peace. Pertinent facts stated in the opinion. From a judgment for plaintiff, defendant appealed.

*Lindsay Patterson* for plaintiff.
*Watson, Buxton & Watson* for defendant.

CLARK, C. J. The defendant, as United States Collector, sold three kegs of brandy under warrant of distraint. The plaintiff purchased it. The brandy could not be shipped that day as the defendant had no revenue stamps, but he said he would get them, and promised the plaintiff he would ship the brandy to a party in Kentucky and would send the plain-

144—26

tiff bill of lading. The plaintiff paid the defendant for the brandy and stamps, and left the brandy in possession of the defendant, who some days thereafter had it put on a dray to be carried to the railroad station, but did not see that it got to the railroad and did not send plaintiff bill of lading as agreed. The brandy was lost, and this action is to recover value, including the stamps.

This case is settled by that of *Coggs v. Bernard,* Lord Raymond, 909, 1 Smith L. C. (9 Am. Ed.), 354, which was one of the most celebrated cases ever decided in Westminster Hall, and is remarkable for the analytical exposition by *Lord Holt* of the doctrine of bailment. The point in that case is that for breach of an agreement to ship goods the party in whose custody the goods are is responsible for damages, though he is not a common carrier and was not to receive any payment, *My Lord Holt* saying that the "being trusted with another man's goods must be taken to be a sufficient consideration, if the bailee once enter upon the trust and take the goods into his possession." It would be a work of supererogation to attempt to add anything to what is said in *Coggs v. Bernard, supra,* and to the elaborate notes thereto in 1 Smith L. C., 354. The defendant was guilty of gross negligence, and besides is liable in this case because he agreed to ship the brandy and send the plaintiff a bill of lading, neither of which he did. *Robinson v. Threadgill,* 35 N. C., 39.

No Error.