CHANCERY.    **Harrison & Wife *vs* Lexington & Frankfort Railroad Company.**

Case 107.        APPEAL FROM THE JEFFERSON CIRCUIT.

Grants.    Right of Way.    Corporations.

July 3.    CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

A grant of the right of way to the Lexington and Ohio Railroad Company, (a chartered company, ( with a provision that "if said road should hereafter be abandoned said ground to be reverted to me or my heirs again." no revestiture takes place until a forfeiture is declared by a judicial decision.

THE relinquishment of the right of way by Taylor to the Lexington and Ohio Railroad Company, in 1836, was not made on account of particular favor to the individuals composing that company, nor to the company itself in any aspect, but evidently for the sake of having the road made, and of facilitating this object.

The condition or provision annexed to the relinquishment, that "if said road should hereafter be abandoned, said ground to be reverted to me or my heirs again," was in fact no more than the law implied, without any express condition or stipulation on the subject; and it does not either literally or constructively, make the continued operation of the release, or the reverting of the ground to the releasor to depend upon any other fact but the one expressed, that the road should or should

HARRISON AND
WIFE
vs
LEXINGTON AND
OHIO R. Co.

not be abandoned. And the question now is, not whether the company completed the road in the time required by law, nor whether by failure in this respect, or by any other act or omission, there was sufficient cause of forfeiting its charter, but simply whether the road has been abandoned. It was for the public to determine whether, if there was cause of forfeiture, it would be enforced or not. Until judgment of forfeiture in a public proceeding, the existence of a cause of forfeiture could have no effect upon the rights or relations existing between the company and individuals, or upon the effect of acts valid in themselves. A grant to the Company did not, therefore, cease or revert, and could not be reclaimed by the grantor, merely on the ground, that the Company had committed a breach of its charter, for which it might be subject to judgment of forfeiture.

If, when the time allowed in the charter for completing the road had in fact elapsed, the Company had gone on to finish it, even without a Legislative act extending the time, and the public had acquiesced in this continued use of the corporate rights when they might have been terminated, no individual could have based any claim or right upon the assumed forfeiture of the charter, or upon the actual non-compliance with its terms. Much less would there be any ground for such claim, if the Legislature should extend the time for making the road, either before or after the expiration of the period originally named, provided such extension of time be allowed before the privileges and objects of the corporation have been in fact abandoned or lost.

And as the condition on which the land in this case is to revert, is not a violation of its charter by the Company, or the non-completion of the road by it, but the fact that the road is abandoned, we think it not to be questioned, that until the road is abandoned, the release or grant is operative in favor of any lawful assignee or grantee of the Company, having in view the completion of the road, just as it would be in favor of this Company itself; as if, for instance, while the road was in the progress of construction, either before or after

The privilege of way passes to any lawful assignee of the privileges of the company, as fully as it existed with the Lexington and Ohio Railroad Co. A transfer by legislative authority, of the privileges of a chartered company, passes all the rights appertaining to the company.

HARRISON  AND
WIFE
vs
LEXINGTON  AND
OHIO R. Go.
the expiration of the period originally allowed for its completion, the Legislature had authorized the transfer of an unfinished portion of it, with all rights, &c. pertaining thereto, to another corporation undertaking to finish it within a prescribed period, extending beyond that originally fixed, we suppose a transfer made in pursuance of the Legislative act, would be effectual to invest in the the transferee, the entire title of the original Company to the road, and to the right of way, as it existed in the original Company. And, at any rate, we suppose such an authorized transfer, providing for the completion of the road, would not be equivalent to, or evidence of its abandonment, so as to produce a reverter of the right of way, which might be dependent on abandonment.

Then it is manifest that the State of Kentucky, in taking mortgages (under the authority of the Legislature,) upon the Railroad, and all the interest of the Company in the road, and in all properties belonging to it, did not intend to extinguish the right of the Company, but rather to keep them alive. And that in afterwards directing the sale of every thing included in said mortgage, and authorizing a purchase by, and conveyance to the State, the intention was to take and hold the same as a means of indemnity for moneys paid, or liabilities incurred by the State. And the necessary inference is, that the State took the title, rights and property of the Company, not merely as a Sovereign resuming corporate privileges, but rather as a purchaser, taking the entire subject as an indemnity, and intending so to use or dispose of it, in the character of purchaser or Sovereign, or both, or to make it effectual as an indemnity. And as immediately after acquiring the title under the mortgages, the road was, by Legislative act, placed in the hands of the Board of Internal Improvements, and the time for completing it was at the same time extended, it is further manifest that the purchase by the State, was not intended to defeat the original object of the charter, viz: the making of the road; but that this object, instead of being abandoned, was still kept in view, to be accomplished, if practicable, within the new

The transfer of the chartered rights of the Lexington and Ohio Railroad Co. to the State, was lawful, and the transfer to the Lexington and Louisville Railroad Co. was also valid, and passed all the privileges and rights of way acquired by the Lexington and Ohio Railroad Company.

period then designated. And whether this might have been expected to be done by the State, or by a new Company, is immaterial to the question of abandonment.

HARRISON AND
WIFE
vs
LEXINGTON AND
OHIO R. Co.

The original Company having exhausted its means and its credit in finishing portions of the road at the two ends, and in the attempt to make the residue, on which much money and·labor were expended, the State took the entire road, with all the interest of the Company in it, and its appendages; and having extended the time for completing it, so much of it as was fit for use has been used, and within about five years from the purchase by the State, new Companies have been incorporated for repairing and completing the entire road in a short time, and are now going on to· perform the work. The State having in fact claimed reimbursement for all improvements made by the former Company, and for all rights of property, including, as is understood, the right of way where it· had been acquired.

Under these circumstances, we think the road cannot be said to have been abandoned in the sense of the instrument now in question, and such seems to have been the understanding of Taylor, who made the relinquishment, as he conveyed the land to Harrison since the new charter, subject to the right of way for the Railroad, through said land, as now laid out.

Wherefore, the judgment is affirmed.

*Harrison* for appellant; *Guthrie & Tyler and Johnson, Attorney General,* for appellees.