CASE 45.—ACTION   BY   `LOUIS   KIRCH   AND   OTHERS
        AGAINST THE CITY OF LOUISVILLE AND OTHERS
        TO HAVE LOUISVILLE WATER CO. PLACED IN
        THE HANDS OF A RECEIVER.—April 18.

## Kirch, &c., v. City of Louisville, &c.

Appeal from. Jefferson Circuit Court, Second
Chancery Division.

SAMUEL B. KIRBY, Judge.

Judgment on demurrer for defendants and plain-
tiffs appeal.  Affirmed.

1.  Corporations — Charter—Forfeiture — Collateral   Attack—Civ.
    Code Prac., section 481, provides that an action to repeal
    or vacate a charter shall' be in the name of the common-
    wealth, etc.  Ky. Stats., 1903, section 569, provides that when-
    ever any corporation has failed to perform or comply with
    any requirement of the charter, or shall be guilty of an
    abuse of its corporate powers, etc., it shall be the duty of
    the Attorney General to institute proceedings to forfeit the
    charter.  Section 573 provides that, if the corporation is con-
    victed of exercising its power inconsistent with the act of 1893,
    the trial jury may at their discretion direct a forfeiture of
    its charter.  Held, that where all the stock of a waterworks
    corporation had been acquired by the city, and the corpora-
    tion had failed to elect a board of directors possessing the
    necessary qualifications, suit for forfeiture must be brought
    by the commonwealth, and the question of forfeiture is not
    subject to collateral inquiry in an action by a private citizen.
2.  Statutes—Creating  Corporations—Validity—Constitutional Law
    —Act March 6, 1906 (Acts 1906, p. 52, c. 16), creating a board
    of waterworks for cities of the first class, with authority to
    own all of the stock in waterworks corporations, and to take
    possession of the property and franchises of water companies
    and operate them for the benefit of the city, did not create

a corporation to carry on private business, contrary to Const. section .59, providing that the General Assembly "shall not pass local or special acts * * * (17) granting a charter to any corporation."

3. Same—Special Legislation—Inasmuch as the Constitution provides that cities of the commonwealth shall be divided into classes, the fact that the city of Louisville is the only city in the first class does not render such act void as special legislation, in contravention of Const. section 59.

LANE & HARRISON for appellants.

## PROPOSITIONS AND AUTHORITIES.

1. A tax payer of a city has the right to institute and maintain an action in behalf of himself and all other tax payers of such city where the city refuses to sue, to prevent a misappropriation of and to recover .funds and property acquired by the exercise of the power of taxation and held for the purposes of paying the debts and obligations of the. city. (Commonwealth v. Chilton, 21 Ky. Law Rep., 1079; Roberts v. Louisville, 92 Ky., 102; Jones v. Johnson, 10 Bush, 660; Mason v. Pewambic, 133 U. S., 64; P. C. C. & St. L. v. Dodd, 24 Ky. Law Rep., 2066; Cooley on Taxation, 769; Dillon on Municipal Corporations, section 914; Morawetz on Private Corporations, section 270-271; Beach on Public Corporations, section 631; Pomeroy on Equity Jurisprudence, section 270.

2. In such actions the tax-payer is entitled, in the event of recovery, to be reimbursed his costs and attorneys' fees out of the corporate funds recovered in the action by him for the city. (Morawetz on Private Corporations, section 232; Meeks v. Winthrop, 17 Fed. Rep., page 48; P. C. C. and St. L. v. Dodd, 24 Ky. Law Rep., 2066).

3. A corporation is dissolved without the action of either court or legislature whenever it loses an integral part of its organization and has no power to supply the same or rehabilitate itself. (Louisville v. Eisenman, 94 Ky., 93; Stagg v. Taylor, 95 Ky., 665; Louisville v. Kaufman, 105 Ky., 159; Clark & Marshall on Corp., vol. 2, sec. 307; Waterman on Corp., page 558; Morawetz on Corp., sec. 1070; Field on Corp., page 563; Angel and Ames on Corp., page 84; Harris v. M. V., 51 Miss., 610; McGinty v. Athol, 155 Mass., 185; Penobscot v. Lamson, 16 Me., 23; Phillips v. Wickham, 1 Paige, 696; Canal v. R. R., 4 G. & J., 121; Lehigh v. Lehigh, 4 Rawle, 23; Blackwell v. State, 36 Ark., 188; Brooks v. Brooks, 78 N. Y., 529).

4.   The amendment to the charter of the Louisville Water Company, approved January 20, 1860 was subject, at the will of the Legislature, to amendment and repeal, and the provisions of that amendment which made a person who had the qualifications of a member of the general council of the city of Louisville competent as either a director or president of the Louisville water Company, notwithstanding he owned no stock therein, was in conflict with section 59 of the Constitution, and the 2nd section of the schedule thereto and in conflict with section 551 and repealed by section 573 of the Kentucky Statutes. (Louisville v. Clark, 143 U. S. page, 14; Griffin v. Kentucky, 3 Bush, 592; Smith v. Mitchell, 101 Ky., 581).

5.   The act approved March 6, 1906 entitled "an Act in relation to the control, management and operation of water works in cities of the first-class" is unconstitutional. (Sections 51 and 59 of the Constitution; Thweatt v. Hopkinsville, 81 Ky., page 8; Allison v. Louisville, 9 Bush, 214; Louisville v. Kunz, 20 Ky. Law Rep., 807; Gorley v. Louisville, 20 Ky. Law Rep., 602; Richardson v. Mehler, 111 Ky., 426; Shoemaker v. Harrisburg, 122 Pa. St., 285; Wierman v. Railway, 118 Pa. St., 192; Ayers Appeal, 122 Pa. St., 266; Scowden's Appeal, 96 Pa. St., 422; Morrison v. Buckart, 112 Pa. St., 291; Scrawein Appeal, 113 Pa. St., 176; In. re. Washington, 132 Pa. St., 257; Engles' Appeal, 137 Pa. St., 494; State v. Lawrence, 22 Kan., 426).

6.   The directors of a corporation will not be permitted to make profit by reason of their position and office for themselves out of the corporate property and in their dealings therewith and at the expense and to the detriment of the corporation but will be required at the instance of the corporation or a shareholder, where the corporation refuses to sue, to account for and refund the same. (Morawetz on Private Corp., sections 510-517, 518, and authorities cited).

A. E. RICHARDS, Attorney for appellees.

## POINTS AND AUTHORITIES.

1.   The acquisition by a city of the first-class of all the stock of a corporation engaged in furnishing water to the city and the inhabitants thereof, does not ipso facto dissolve the corporation; and a board of directors elected by the Sinking Fund Commissioners of the city may lawfully manage the property for the city.

2.   An act of the Legislature thereafter enacted providing that

the city shall control, manage and operate the property through a "Board of Water Works" appointed by the Mayor, is not such special or local legislation as is prohibited by section 59 of the Constitution.    (Stagg v. Taylor, 113 Ky., 721; Cook on Corporations, sections 623, 639, 749; Angelo California Bank v. Mahoney Mining Co., 104 U. S., 194; Keiser v. Wright, 52 N. J. Eg., 825, 31 Atl., 397; Wile & Buckner Co., v. Rochester Sand Co., 25 N. Y., subsec., 794; Hackensack Co. v. DeKoy, 36 N. J. Eg., 548; Wooley v. Louisville, 114 Ky., 571; Farson Leach Co. v. Board, 97 Ky., 119; Coner's, &c. v. Grainger, 98 Ky., 319; Coner's v. Zimmerman, 101 Ky., 432; Harrison v. R. R. Co., 9 B. Mon., 470; Hughes v. Bank, 5 Littell, 45; Bank v. Trimble, 6 B. Monroe, 599; Wright v. Railroad Co., 16 B. Mon., 4; Gill v. Mining Co., 7 Bush, 735; Gaulbert v. City Louisville, 29 Ky. Law Rep.,——; Richardson v. Mehler, 111 Ky., 426; Louisville School Board v. Supt. Pub. Instruction, 102 Ky., 394; Shoemaker v. Hodge, 111 Ky., 436; Louisville v. Wehsahoff, 16 Ky., 813).

OPINION OF THE COURT BY JUDGE LASSING— Affirming.

The question involved on this appeal is the right of a citizen and taxpayer of the city of Louisville to institute and maintain an action against the city of Louisville for the purpose of having the Louisville Water Company placed in the hands of a receiver and operated under the order and direction of the court. Three taxpayers filed their suit in the Jefferson circuit court against the city of Louisville and certain individuals, who were the members of the board of directors of the water company, seeking to have the water company placed in the hands of a receiver, on the ground that the company had lost its corporate existence, and had been managed and operated by the defendants named in this suit, acting as a board of directors, without right, illegally, and in violation of law.    Shortly after the institution of this suit, the Legislature, by the Act of March 6, 1906 (Acts 1906,

p. 52, c. 16), created the board of waterworks for cities of the first class, which might own all of the stock in the waterworks corporation, and which board was authorized to take possession of the property and franchises of such water company and operate them for the benefit of the city, etc. Prior to the passage of this act, the city of Louisville had, by purchase, acquired all the stock in the Louisville Water Company, and had owned the same for some years. The board of waterworks was made by the legislative act a body corporate, similar to the board of park commissioners, commissioners of sinking fund, and school board. Under the provisions of this act, the mayor appointed four persons possessing the necessary qualifications to act as a board of waterworks. Immediately following their appointment, plaintiffs filed an amended petition, making the members of this board defendants. In the petition, as amended, the act of March 6, 1906, creating the board of waterworks, was attacked as unconstitutional and void, and plaintiffs prayed that this board of waterworks be enjoined and restrained from taking possession of the property of the water company. A general demurrer was filed to the petition, as amended. This was sustained, and, plaintiffs declining to plead further, the petition was dismissed.

The only question necessary to be determined, therefore, is: Did the petition, as amended, state a cause of action? Plaintiffs insist that the city, by having acquired all of the stock in the water company, became the absolute owner thereof, and the water company lost its corporate existence, forfeited its charter by the failure to elect a board of directors possessing the necessary qualifications for directors,

to-wit, owning the requisite number of shares of stock in the company.

It is insisted for defendants that plaintiffs have no right to raise the question of forfeiture, and that this can only be done in a suit brought by the commonwealth against a corporation for the purpose of forfeiting its charter, because it is operating contrary to law, and only by a suit brought in this manner can a charter of a corporation be forfeited; that it is not subject to collateral inquiry or attack.    Clark & Marshall on Private Corporations thus lays down the rule:  "The forfeiture of a charter of a corporation cannot be set up collaterally by private individuals or other corporations, or even by the State, for the purpose of attacking the right of the corporation to exercise the power and franchise conferred upon it by its charter."   The weight of authority, as recognized by modern text-writers, is in accord with this rule.    In the Cyclopedia of Law and Procedure (volume 10, p. 1278), the doctrine is thus stated:  "A corporation cannot be deprived of its franchises for misuser or nonuser of them, or for any other cause, and its dissolution decreed, except in a direct judicial proceeding instituted by the State for that purpose; nor can its right to exercise its franchises be litigated in a collateral proceeding instituted by a private person or corporation."

The doctrine thus laid down has been adopted and followed with approval in the courts of last resort in many of the states and of the United States, and in this State.   In the case of Harrison and Wife v. Lexington & Frankfort Railway Company, 9 B. Mon. 470, a case in which an individual was seeking to have the charter rights of the company forfeited, this court said:  "Until judgment of forfeiture in a public pro-

ceeding, the existence of a cause of forfeiture could have no effect upon the rights or relations existing between the company and individuals, or upon the effect of acts valid in themselves. A grant to the company did not, therefore, cease or revert and could not be reclaimed by the grantor, merely on the ground that the company had committed a breach of its charter, for which it might be subject to judgment of forfeiture." In the case of Hughes v. Bank of Somerset, 5 Litt. 45, in which the complainant sought to have the charter of the bank forfeited because it had not complied with certain provisions of the law, this court said: "If the bank has by mismanagement forfeited its charter, the forfeiture should be established by a direct proceeding against the bank for that purpose, and, until that is done, no debtor of the bank can be allowed to absolve himself from the payment of his debt, by alleging the fact of forfeiture." In the case of Bank of Gallipolis v. Trimble, 6 B. Mon. 599, this court held that: "Whether there had or not been a forfeiture of the charter by nonuser or misuser, for a failure to comply with the requisitions thereof in any respect, was a matter which could not collaterally have been gone into and rendered available in this controversy. The question of forfeiture could only be determined by a direct judicial proceeding." To the same effect are the cases of Wight v. Shelby Railroad Company, 16 B. Mon. 4, 63 Am. Dec. 522, and Gill's Adm'r v. Kentucky & Colorado Gold & Silver Mining Company, 7 Bush 635. Thus, it will be seen that this court has in a number of cases held that the right of a corporation to continue to exist cannot be called in question in a collateral proceeding.

Section 481 of the Civil Code of Practice expressly

provides that: "The action to repeal or vacate a charter shall be in the name of the commonwealth, and be brought and prosecuted by the Attorney General, or under his sanction and direction by an attorney for the commonwealth." And section 569 of the Kentucky Statutes of 1903 provides that: "Whenever any corporation has failed, or shall fail, to perform or comply with any requirement or provision of its charter under which it does business in this State, or shall be guilty of an abuse or misuse of its corporate powers, privileges or franchises, or shall become detrimental to the interest and welfare of the commonwealth or its citizens, it shall be the duty of the Attorney General of the State to institute such proceedings as may be proper and necessary to have forfeited and revoked the charter, powers, franchises and privileges of such corporation." Thus, by express legislative provision, the right to declare a forfeiture is in the State, and the proceeding must be by the Attorney General, or other attorney proceeding with his consent and sanction in the name of the commonwealth. Section 573 of the Kentucky Statutes of 1903, provides that, if a corporation is convicted of exercising its power inconsistent with the act of 1893, "the trial jury may, at their discretion, direct the forfeiture of its charter." By this section it is clear that the Legislature intended to declare, not a forfeiture, but the grounds which would authorize a forfeiture, as it is made clear, by section 569 of the Kentucky Statutes of 1903, that the enforcement of a forfeiture is one for the commonwealth alone to determine, and, even though grounds for forfeiture might exist, nevertheless the State could waive the forfeiture, if, by doing so, the general public would be benefited, so that, even if the right of

forfeiture did exist prior to the passage of the act of March 6, 1906, the Legislature, by the passage of that act, clearly showed that it did not desire or intend to enforce the forfeiture, and the best evidence of this legislative intent is the passage of the act of March 6, 1906, in which the existence of the water company as a separate corporation is continued, although there might have been, as is insisted by plaintiffs there was, grounds for declaring the charter forfeited; yet, if the State did not see fit to exercise its right, the fact of the existence of such grounds would not of itself operate as a forfeiture. Hence, even though the right to declare the charter forfeited had existed, until a suit has been brought by the commonwealth against the corporation to have the charter adjudged forfeited, and it is so adjudged, the forfeiture by a corporation of its charter is not subject to collateral inquiry.

Plaintiffs insist that the act of March 6, 1906, is void for the two-fold reason: First, that it creates a corporation to carry on private business, contrary to section 59 of the Constitution; second, because the act applies to the city of Louisville alone, and is therefore special legislation. In the American and English Encyclopedia of Law (volume 30), under the title of "Waterworks," it is said: "Waterworks for the supplying of cities and towns with water are undoubtedly for public and municipal purposes, and the Legislature may confer authority upon municipalities * * * to erect and operate such works, or to purchase works already established." And, further quoting from the same authority: "Every government which regards the welfare of its people will exert its highest power to preserve the public health and safety. To that end the supply of pure

water is essential. To secure it involves the exercise
by the State not only the power of eminent domain,
but also the police power. Water companies engaged
in carrying out their corporate functions are neces-
sarily the beneficiaries of valuable privileges from
the State and subserve a public purpose. They are
classed as quasi public corporations, and are subject
in their operations to the limitations and control
which the law imposes on such bodies in order that
the public interest may not suffer. * * * A
municipal corporation which supplies its inhabitants
with water does so in the capacity of a private cor-
poration, and not in exercise of the power of local
sovereignty. * * * As the franchise and prop-
erty of a water company is affected with a public
interest, it is properly subject to the exercise of the
police power of the State to the extent of the public
interest therein.''

One of the governmental functions of a munici-
pality is the supplying of a sufficient amount of water
for its public uses, such as the watering of its streets
and parks, the extinguishing of fires, and providing
its citizens with a sufficient supply of water as pure
as it can reasonably be made. In the case before us,
the city of Louisville, being the owner of the stock
of the water company, is practically the owner of
the property of the water company. The Legislature,
by the passage of the act of March 6, 1906, but exer-
cised its police power, and enabled Louisville, which
is the only city of the first class in the State, to prop-
erly carry out and discharge one of its municipal
and governmental functions. It is true that supply-
ing water to the citizens of a city for pay is, in a
sense, a private business; nevertheless, it is so
connected with the governmental functions of the

city that the Legislature could, without violating section 59 of the Constitution, place the property of the water company in the hands of and under control of a board of commissioners, with power in them to operate said property in the same manner as other public institutions in the city, such as parks, public schools, and schools of reform, are managed.

To the objection that the act of March 6, 1906, is special legislation, inasmuch as it applies to the city of Louisville alone, it is but necessary to say that the Constitution provides that cities of the commonwealth shall be divided into classes, and, among the classes provided for, is one known as the "first class," to which class the city of Louisville belongs. It is true that Louisville is the only city in this class, due to the fact, solely, that it was the only city in Kentucky having a population of 100,000 when the Constitution was adopted, and this division of cities into classes provided for, and it was at that time well known that the first division or class of the cities would contain none other than the city of Louisville, and the members of the Constitutional Convention must therefore have known that all legislation looking to the management and conduct of affairs in cities of the first class would be applicable to the city of Louisville alone. But, because of this fact, it cannot be said that legislation for the benefit of and made applicable alone to cities of the first class is special legislation; on the contrary, so long as legislation enacted for the management and conduct of municipal affairs applies to all that now are or may be embraced within a given class, it is not in violation of section 59 of the Constitution, in that it can be classed as special legislation. This being true, we are of

vol. 125—26.

opinion that the act of March 6, 1906, does not violate section 59 of the Constitution.

For these reasons we are of opinion that the lower court did not err in sustaining the demurrer to the petition.

The judgment is affirmed.