## BUD DOWLING v. STATE.

No. 1293. Decided October 18, 1911.

**1.—Burglary—Private Residence—Charge of Court.**

Where the charge of the court in defining a private residence, in a trial of burglary, placed the word "actually" before the word "occupied," instead of before the word "used," there was no reversible error.

**2.—Charge of Court—Night-Time—Breaking.**

Where, upon trial of burglary, the charge of the court when considered as a whole properly submitted the definition of a night-time burglary, there was no error; besides, the complaint to the charge of the court is too general.

**3.—Same—Charge of Court—Principals—Intent.**

Where, upon trial of burglary, the court charged the jury that they must find beyond a reasonable doubt that defendant was present knowing the unlawful intent, and that with such knowledge he cooperated with, aided and encouraged the person committing the offense, and that they must further find beyond a reasonable doubt that it was the intention of the defendant to commit theft in the alleged burglary, the criminal intent was sufficiently charged, in the absence of a requested instruction. Following Pollard v. State, 58 Texas Crim. Rep., 307.

**4.—Same—Charge of Court—Special Instructions.**

When the court has distinctly submitted the law applicable to the case, the cause will not be reversed unless it appears that the defendant's rights were calculated to be injured, in the absence of a special instruction.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.—On the question of the court's charge on intent: Red v. State, 39 Texas Crim. Rep., 667; Leslie v. State, 42 Texas Crim. Rep., 65; Cordes v. State, 54 Texas Crim. Rep., 204; Condron v. State, 62 Texas Crim. Rep., 485, 138 S. W. Rep., 594.

On the question of the court's charge on principals: Bean, v. State, 17 Texas Crim. App., 60; Golden v. State, 18 Texas Crim. App., 637.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury, charged with the offense of burglary. The indictment contained two counts, the second count charging night-time burglary of a private residence, the entry being made with the intent to commit theft. He was adjudged guilty, and his punishment assessed at five years confinement in the penitentiary.

There are no bills of exception in the record, all the grounds relied upon being stated in the motion for a new trial. The evidence shows the entry of the private residence of Mores Sigel, in the night-time, and the taking therefrom of certain personal property, and a pistol, which was taken out of a trunk in the house, the pistol being found at a place where appellant is shown to have placed it. A pistol was fired near the residence about the time of the alleged burglary, and appellant, when spoken to about it, so say the officers, said it was "old man John Johnson out there acting a fool." This statement is denied by appellant. He admits having the pistol in his possession, and it was this pistol that was fired, but explains his possession in his testimony at the trial in a manner consistent with his innocence.

The complaint that the court erred in defining "private residence"

is not well taken. The court defines those words in the charge "a building actually occupied and used as a place of residence." Placing the word "actually" before the word "occupied" instead of before the word "used," as in the statute, does not give to the words any different meaning.

Appellant complains: "This cause having been submitted to the jury on the count charging the burglary of a private residence, the court erred in his main charge to the jury in charging the jury as follows: 'You are charged that the offense of burglary in the night time is constituted by entering such private residence by force and breaking, for the purpose of committing the crime of theft.' Said definition is inaccurate, misleading, and calculated to mislead the jury to the defendant's prejudice." This complaint is too general, and does not attempt to point out the inaccuracy, nor in what way it could or would be misleading. In other portions of the charge the court defines "night-time" correctly, "breaking" correctly, and the other elements constituting the offense.

The court instructed the jury: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging, are principal offenders, and may be prosecuted as such." Appellant complains of this paragraph of the court's charge, saying this being an offense requiring particular intent, that this paragraph does not require the jury to find that this defendant aided and abetted in the commission of the offense with the specific intent on the part of appellant to render him guilty of the offense of burglary. In the subsequent paragraph of the charge, the jury was informed:

"You are therefore instructed that you are not authorized to convict this defendant, and unless you believe from the evidence, beyond a reasonable doubt, that the defendant himself actually committed the offense charged in the indictment, or unless you find and believe from the evidence, beyond a reasonable doubt, that one Jim Harris, or some other person, actually committed said offense, and that the defendant was present at the time, knowing the unlawful intent of said Harris or other person, and that the defendant at the time cooperated with, aided, and encouraged the said Harris or other person, under circumstances constituting the defendant a principal, as principal is above defined to you. If you find and believe from the evidence that the defendant, either alone or in company with one Harris or some other person, broke and entered said house, but if you have a reasonable doubt as to whether he intended to commit theft of the property of said Sigel, located in said house, you will acquit defendant."

Again in the charge on circumstantial evidence, the jury are told:

"In such cases it is not sufficient that the circumstances coincide with, account for and therefore render probable, the guilt of the defendant. They must exclude, to a moral certainty, every other reasonable hypothesis," which is followed by a charge on presumption of innocence and reasonable doubt, and in case the jury had a reasonable doubt of defendant's guilt, he should be acquitted.

It will be thus seen that the jury are instructed that before they would be authorized to convict defendant, that they must find, beyond a reasonable doubt, that appellant was present, *knowing the unlawful intent,* and that with such knowledge, he cooperated with, aided and encouraged the person committing the offense, but if they had a reasonable doubt as to whether it was the intention of appellant to commit theft of the property of Sigel, defendant would be acquitted. In the absence of special instructions being requested on this issue, we think the charge sufficiently presented the law applicable to the facts. As said in Pollard v. State, 58 Texas Crim. Rep., 307: "The charge of the court is a fair submission of that issue, and if additional instructions were desired or further elaboration, or a more particular submission of any issue arising in the case had been desired, it may be, if the exception then interposed had directed the attention of the court to the infirmity or failure to include any feature or issue raised by the evidence, that the court would have acceded to such suggestion." While the law requires the court to submit to the jury a charge in which he shall distinctly set forth the law applicable to the case; when the court has done this, if one desires a more specific presentation of any issue, special instructions should be presented to the court requesting such instructions, and if same is not done, this court will not reverse the case unless it appears that such action was calculated to injure the rights of the defendant. Articles 715 and 723, Code Criminal Procedure. In this case, the matters complained of are rather hypercritical, and, inasmuch as no special instructions were requested, and from a careful reading of the record, we are of the opinion that the defendant suffered no injury, and it presents no ground that would call for a reversal of this case.

All the other grounds in the motion relate to the same matter, and as we are of the opinion that the court submitted the law applicable to the case, and that, although more specific instructions might be desirable and should have been given had they been requested, in the absence of such request, no such error is presented as should result in a reversal of the case, and the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.