## Reichert v. Ellis Ferry Company.

(Decided March 11, 1919.)

### Appeal from Ballard Circuit Court.

1. Navigable Waters—Accretion—Riparian and Littoral Rights.—All accretions formed on the river front adjacent to a tract of land, and which lie between the land and two lines projected from the extreme corners of the tract on the river front so as to strike the thread of the stream at right angles, belong to and are the property of the proprietor of the shore land.

2. Navigable Waters—Riparian and Littoral Rights—Easements.— A deed which conveys five acres of land on the river front with the following grant, "together with the water line and all water privileges and riparian rights fronting and binding on the Ohio and Mississippi rivers to said lower half of said tract of land, patented to Elizabeth K. and Nancy Ronald, together with all and singular, the appurtenances and privileges thereunto in any use belonging," conveys the fee simple only to the five-acre tract and an easement in the water line, which easement changes with the water front.

3. Navigable Waters—Accretions.—Accretions since formed along the water line as it existed in 1880, at the time of the grant of the water line, belong to the proprietor of the shore lands and not to one owning an easement or use in the water line.

4. Corporations—Action to Recover Real Property.—A corporation organized by special act of the legislature before the present Constitution, though dormant and not engaged in any business, and which has not designated an agent upon whom process may be served, or otherwise exercised its functions, may maintain an action to recover its real property against an individual who asserts claim to it; and the individual will not be permitted in such litigation to defeat the corporation in its right to recover by showing that it has held the real property for more than five years, or that it has failed to comply with the requirements of secs. 569, 570, 571 and 573 Kentucky Statutes.

J. B. WICKLIFFE and SANDERS E. CLAY for appellant.

W. A. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Accretions which have formed on the Kentucky side of the stream in Ballard county, opposite the confluence of the Ohio and Mississippi rivers, are the subject of litigation in this action. It is claimed by appellee, Ellis Ferry Company, that since it acquired title in 1880, to a small strip of land, more than 227 acres of land have been formed adjacent to it on the river front, but this is denied by appellant, Mrs. Reichert. The ferry company and Mrs. Reichert claim title under a common source, the Ronald survey and patent. The lands claimed by the appellee ferry company lie on the river front and between the river and the lands of appellant, Mrs. Reichert. The deed under which the ferry company claims, omitting the unimportant parts, is as follows:

"This deed, made and entered into this the 19th day of February, 1880, between W. G. Bullett and the city of Paducah, in the state of Kentucky, and Powhatan Ellis, of the county of Gloucester, state of Virginia, parties of the first part, and the Ellis Ferry Company, a private corporation, created by an act of the general assembly of the Commonwealth of Kentucky, and located in Ballard county, State of Kentucky, party of the second part;

"Witnesseth, that the parties of the first part have bargained, sold, . . . in consideration of the sum of one thousand dollars, . . . to the said parties . . . five acres (5) of land to be located by the parties of the second part hereto on the waters of the Ohio river within lots three (3) and four (4) designated by the commissioner in the consolidated cases, . . . together with the water line and all water privileges and riparian rights fronting and binding on the Ohio river and Mississippi river of said lower half of said tract of land patented to Elizabeth K. and Nancy Ronald, together with all and singular, the appurtenances and privileges thereunto in any use belonging. To have and to hold the same to the said party of the second part or assigns forever."

Powhatan Ellis, Jr., one of the heirs of the Ronald estate, to whom the commissioner of the Ballard common pleas court conveyed certain lands belonging to that estate, conveyed to the vendor of appellant three tracts which adjoin and partly surround the lands claimed by the ferry company, and described in the foregoing deed. Ellis' deed to the vendor of Mrs. Reichert contains in part the following description:

"Thence west with the said fifty acre tract to the Ohio river; thence down the river to a large cottonwood and cottonwood pointer on the center line dividing the lower half of said Ronald survey."

The said conveyances also called for the Ohio river at other points. From these deeds it appears that appellant owns to and with the Ohio and Mississippi rivers, which means to the center of these streams, but it is not necessary to, nor do we, pass upon the proprietorship of the lands or accretions which are not included in the deed to the ferry company.

This action in trespass was instituted by the ferry company to recover the five acre tract and all accretions formed in front of it, and the water line mentioned in the deed, amounting to several hundred acres, and $10,000.00, value of timber alleged to have been taken by appellant. The trial court, treating the water line described in the deed for five acres as a grant of a fee instead of an easement, submitted the question of ownership by adverse possession of all the lands formed by accretion west of the river front, as it existed in 1880, to the jury and the jury rejecting appellant's claim by adverse possession, returned a verdict for the ferry company for all said accretions—227 acres.

While the ferry company claims under Ellis by deed anterior to his deed to appellant's vendor, nevertheless, the deed to appellant's predecessor in title extended to the river front. By a well established rule a deed calling for a stream, which does not manifest a different purpose, conveys to the center or thread of the stream, and the owners of the property in controversy in this case, as riparian proprietors, own to the center of the Ohio and Mississippi rivers. As such owners they are entitled to the land added to their original bodies by accretions. Rights to accretions are ascertained by extending the original river frontage of the respective tracts as nearly as practicable at right angles with the course of the river to the thread of the stream. In other words, a straight line extended at right angles from the thread of the stream so as to strike the uppermost corner of a given tract on the shore, and a similar line extended at right angles from the thread of the stream so as to strike the lowermost corner of the same tract on the river front, would embrace the territory in which the title to accretions, whether islands or attached to the shore, would

vest in the riparian proprietor of that particular tract. Miller, &c. v. Hepburn, 8th Bush, 327.

While it reasonably appears that the Ellis Ferry Company, incorporated, yet holds title to the five acre tract of land described in the deed, copied above, and is therefore entitled to accretions which are appurtenant to it under the rule stated above, we are equally sure that the accretions which formed along and adjacent to the water line described in said grant in the following language: "Together with the water line and all water privileges and riparian rights fronting and binding on the Ohio river and Mississippi river of said lower half of said tract of land, patented to Elizabeth K. and Nancy Ronald, together with all and singular, the appurtenances and privileges thereunto in any way belonging," did not and have never belonged to appellee company, unless they acquired title to it in some other way than as asserted in this case. When the five acre tract is located, all accretions thereto within the limits of lines extending from the extreme corners on the river front so as to strike the thread of the stream at right angles are a part of said tract and belong to the proprietor thereof. But the accretions which have formed along in front and adjacent to the water line around the lower part of the Ronald tract, and which do not front on the five acre tract, above referred to, do not belong to the proprietor of the five acre tract. The water line grant is but an easement and right of user which the proprietor of the five acre tract had in the water front along the lower half of the Ronald lands. While the right was a continuing one and is yet apparently in existence, it changed with the shore line and followed it as it advanced westward with the change of the river. The accretions along that part of the front belong to the proprietor of the land fronting thereon.

Any timber cut and taken from the five acre tract and the accretions formed thereto, by the appellant, was a trespass for which she was responsible, but she was not responsible to appellee company for timber taken from other accretions, though who the rightful owner is we do not decide.

The court below erred to the prejudice of appellant in its definition of "adverse possession," contained in its instructions to the jury. It is not necessary in order to hold land adversely to enclose it. But such adverse pos-

session may be made out by showing that the claimant took actual possession of the land and held it in open, notorious, continuous, adverse and peaceable possession for the statutory period.

It is insisted that the Ellis Ferry Company, which was incorporated by special act of the legislature in 1871, having failed to exercise its franchise, pass a resolution accepting the provisions of the present Constitution, file with the Secretary of State the name of an agent upon whom process can be served, or otherwise comply with the law as provided in secs. 569, 570, 571 and 573, Kentucky Statutes, it is now powerless to maintain this action. From the record, it appears that while the Ellis Ferry Company was duly incorporated by a special act of the legislature in 1871, it has not engaged in business in this state, and has failed to comply with the provisions of the Statutes, *supra*. This, however, did not *ipso facto* forfeit its charter, or render it impotent, albeit, the company subjected itself to fine and to forfeiture of its charter. Kirch, &c. v. City of Louisville, &c., 125 Ky. 391.

The statute provides how a corporation may be dissolved, and how it may be compelled to surrender its charter, but neither of these things has taken place. Moreover, an individual in litigation with the corporation can not take advantage of the fact that the company has not complied with the provisions of the statute with reference to holding real property. C. & O. R. R. Co. v. Rosskamp, 179 Ky. 180. The statute with reference to filing the name of an agent upon whom process may be served does not apply to corporations engaged in interstate commerce. Commonwealth v. Eclipse Hay Co., 140 S. W. 224, 31 Ky. L. R. 824.

A forfeiture of charter can be had by the state only at the instance of the Attorney General. Kirch v. City of Louisville, *supra*. We, therefore, conclude that the Ellis Ferry Company, a corporation, was not only in existence but possessed full power to maintain the action.

For the reasons indicated, the judgment is reversed for a new trial consistent with this opinion.