VILLEGAS ET AL., APPELLANTS, *v.* THE MUNICIPALITY OF SAN JUAN, RESPONDENT.

APPEAL from the District Court of San Juan, Section 1.

No. 954.—Decided April 23, 1913.

MUNICIPALITIES—MUNICIPAL AMBULANCE—NEGLIGENCE.—A municipality is not responsible for the negligent acts of a chauffeur employed by the municipality to drive a municipal ambulance when the municipality derives no benefit from the service of said ambulance.

The facts are stated in the opinion.

*Messrs. Sandalio Torres Monge* and *A. Malaret* for appellants.

*Mr. Ramón Falcón* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case in which the municipality of San Juan has been sued because of certain wounds which Prudencio Vieras suffered and which resulted in his death. His wife and his children are the appellants. The injuries complained of, it was alleged, were caused by the fault, negligence and lack of skill of the driver of an automobile used as an ambulance by the public municipal hospital service (*Beneficencia Pública Municipal*). The accident happened while the said driver was about on his ordinary duties, and it is maintained the hospital service being under the control, direction and ownership of the defendant, that the latter is responsible for the acts of its agent.

The general rule of law is set forth in the opinion of Mr. Justice Folger in the case of *Maxmilian* v. *Mayor et al. of New York,* 62 N. Y., 160, wherein the action was for the negligent killing by a public ambulance. The citation follows:

"There are two kinds of duties which are imposed upon a municipal corporation: One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises, or is implied, from the use of political rights under the general law, in the exercise of which it is as a sovereign. The former power is private and is used for private purposes; the latter is public and is used for public purposes. *Lloyd* v. *Mayor,* 5 N. Y., 374; 55 Am. Dec., 347. The former is not held by the municipality as one of the political divisions of the State; the latter is. In the exercise of the former power and under the duty to the public which the acceptance and use of the power involves, a municipality is like a private corporation, and is liable for a failure to use its power well, or for an injury caused by using it badly. But where the power is intrusted to it as one of the political divisions of the State, and is conferred not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser, nor for misuser by the public agents; *Eastman* v. *Meredith,* 36 N. H., 284; 72 Am. Dec., 302. Where the duties which are imposed upon municipalities are of the latter class, they are generally to be performed by officers who, though deriving their appointment from the

corporation itself, through the nomination of some of its executive agents, by a power devolved thereon as a convenient mode of exercising a function of government, are yet the officers, and hence the servants of the public at large. They have powers and perform duties for the benefit of all the citizens, and are not under the control of the municipality which has no benefit in its corporate capacity from the performance thereof. They are not then the agents or servants of the municipal corporation, but are public officers, agents or servants of the public at large, and the corporation is not responsible for their acts or omissions, nor for the acts or omissions of the subordinates by them appointed."

It appears from this case and others that only when the municipality derives some benefit in its corporate capacity can it be held liable for the acts of the agents of a public charity or hospital. *Oliver* v. *Worcester,* 102 Mass., 499; *Fisher* v. *Boston,* 104 Mass., 87; Dillon on Municipal Corporations, fifth edition, Vol. IV, section 1661, p. 2899. Here there was no allegation that the city derived any advantage from the ambulance.

It makes no difference that at the trial at the instance of the judge the defendant was allowed to show that the city derived no benefit, as the facts of any advantage should have been shown by the complainants.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.